PEOPLE v OWCZARZAK

Docket No. 78942. Submitted January 23, 1985, at Lansing.—Decided
    July 1, 1985. Leave to appeal applied for.

Donald A. Owczarzak was convicted of delivery of marijuana and
    of being a third felony offender, Bay Circuit Court, John X.
    Theiler, J. Defendant appealed, alleging entrapment based on
    the actions of a person who subsequently became a police
    informer. *Held:*

The purpose of the entrapment doctrine is to deter reprehen-
    sible actions by the police and their agents. The defense of
    entrapment does not extend to make the police responsible for
    conduct by a person who subsequently becomes a police in-
    former.

Affirmed.

1. CRIMINAL LAW — ENTRAPMENT — APPEAL.

    A claim of entrapment is to be resolved at a separatte evidentiary
    hearing at which defendant bears the burden of proving entrap-
    ment by a preponderance of the evidence; the trial judge's
    decision is subject to appellate review under the clearly errone-
    ous standard.

2. CRIMINAL LAW — ENTRAPMENT — OBJECTIVE TEST.

    The objective test of entrapment applicable in Michigan focuses
    upon the propriety of the government conduct which resulted
    in the charges against a defendant instead of upon the defen-
    dant's predisposition to commit the crime charged.

3. CRIMINAL LAW — ENTRAPMENT — PURPOSE OF DOCTRINE.

    The purpose of the entrapment doctrine is to deter reprehensible
    actions by the police and their agents; the defendant's guilt or
    innocence is irrelevant to whether the defense of entrapment is
    available.

4. CRIMINAL LAW — ENTRAPMENT — POLICE CONDUCT.

    The adoption of the objective standard of entrapment does not

REFERENCES FOR POINTS IN HEADNOTES
[1-4] Am Jur 2d, Criminal Law §§ 202-209.
    Instructing on burden of proof as to defense of entrapment in
    federal criminal case. 28 ALR Fed 767.

preclude the use of undercover agents by the police, but only police conduct so reprehensible that it cannot be condoned by the judicial system; the defense of entrapment does not extend to make the police responsible for conduct by a person who subsequently becomes a police informer.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Mardi Crawford),* for defendant on appeal.

Before: SHEPHERD, P.J., and D. E. HOLBROOK, JR., and M. F. SAPALA,* JJ.

M. F. SAPALA, J. After a nonjury trial, defendant was convicted of delivery of the controlled substance marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). Defendant subsequently pled guilty as a third-time felony offender, MCL 769.11; MSA 28.1083. Defendant was sentenced to imprisonment for 18 months to 6 years, and he appeals as of right.

Defendant argues that he was entrapped. A claim of entrapment is resolved at a separate evidentiary hearing at which defendant bears the burden of proving entrapment by a preponderance of the evidence. The trial judge's decision is subject to appellate review under the "clearly erroneous" standard. *People v D'Angelo,* 401 Mich 167; 257 NW2d 655 (1977). As a matter of state constitutional law, Michigan follows the objective test of entrapment stated in the dissenting opinion of Justice Stewart in *United States v Russell,* 411 US 423, 445; 93 S Ct 1637; 36 L Ed 2d 366 (1973):

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

"[G]overnment agents may engage in conduct that is likely, when objectively considered, to afford a person ready and willing to commit the crime an opportunity to do so.

\*    \*    \*

"But when the agents' involvement in criminal activities goes beyond the mere offering of such an opportunity, and when their conduct is of a kind that could induce or instigate the commission of a crime by one not ready and willing to commit it, then—regardless of the character or propensitites of the particular person induced—I think entrapment has occurred. For in that situation, the Government has engaged in the impermissible manufacturing of crime, and the federal courts should bar the prosecution in order to preserve the institutional integrity of the system of federal criminal justice." (Citations omitted.)

See *People v Turner,* 390 Mich 7, 21; 210 NW2d 336 (1973), and *People v D'Angelo, supra,* 401 Mich 172-173, fn 4. The purpose of the defense of entrapment is to deter reprehensible actions by the police or their agents. See *People v Turner, supra,* 390 Mich 22. The defendant's guilt or innocence is irrelevant to whether the defense of entrapment is available. *People v D'Angelo, supra,* 401 Mich 179.

In *People v Stanley,* 68 Mich App 559, 564; 243 NW2d 684 (1976), the Court explained:

"We attach no importance to the fact that defendant alleges that an informant, and not a police officer, was the source of the heroin he sold. The government, after utilizing an informant, cannot disown his actions. *Sherman v United States,* 356 US 369, 373-374; 78 S Ct 819; 2 L Ed 2d 848 (1958). Even if police officers working with an informant claim ignorance of the fact that the informant was the supplier of contraband, entrapment is still available as a defense, *Untied States v Gomez-Rojas* [507 F2d 161 (CA 5, 1975)], 'When persons who are not law-enforcement officials act with official en-

couragement or assistance, they should be treated as government agents for purposes of the entrapment defense. Otherwise, its protection could be avoided by indirection.' Note, 73 Harv L Rev 1333, 1341 (1960)."

See also *People v Wisneski,* 96 Mich App 299, 304; 292 NW2d 196 (1980).

Here, however, defendant relies on actions by a would-be police informant named Timothy Roberts. Roberts needed money to prevent foreclosure of his home and to buy Christmas presents for his family. Roberts was acquainted with a person who regularly received money from the police for information about drug deals. Roberts decided that he wanted to be a police informant too, and at his request, his acquaintance approached the officer with whom she worked, only to be told that the officer did not need another informant. Nevertheless, Roberts arranged a future purchase of marijuana from defendant, while his acquaintance approached another officer. In arranging the purchase, Roberts employed tactics which arguably would support a finding of entrapment if employed by the police or their agents.

The second approach by the acquaintance of Roberts resulted in a meeting with police officers at which it was agreed that Roberts would become a paid informant. The next day, Roberts and an undercover officer purchased marijuana from defendant in accordance with the arrangements Roberts had previously made, and the charge at issue here resulted. Nothing done directly by the police, or by Roberts after he became a police informant, supports a finding of entrapment. Nothing here suggests that the police were aware of the tactics Roberts employed to arrange this purchase or were attempting to evade by indirection a possible entrapment defense.

Defendant would have us extend the objective test of entrapment and the rule stated in *Stanley* to make the police responsible for all actions taken by a person who subsequently becomes a police informant. The police, however, had no means of controlling Roberts before they employed him. The purpose of the defense of entrapment is to deter reprehensible actions by the police or their agents, but actions taken by the police or their agents are not at issue here. We cannot see how allowing a defense of entrapment to be based on actions of someone whom the police could not control could have any deterrent effect.

Roberts committed a crime when, before he became a police agent, he made arrangements to purchase marijuana. The rule for which defendant argues would severely limit the ability of the police to utilize defectors from criminal enterprises. Defendant argues that the police instigated the actions of Roberts by their policy of paying informants, but we are not prepared to extend the defense of entrapment to bar use of hired informants. Compare *People v Alford,* 405 Mich 570, 590; 275 NW2d 484 (1979).

On this record, the trial court's finding that defendant was not entrapped was not clearly erroneous.

Affirmed.