PEOPLE v MOORE

PEOPLE v GONDER

Docket Nos. 115690, 115691, 115692. Submitted March 7, 1989, at Lansing. Decided May 5, 1989.

General Motors Corporation hired Professional Law Enforcement, Inc. (PLE), an Ohio private investigation firm, to investigate drug trafficking by GM employees at GM's plant in Kalamazoo. James Goodall, one of PLE's investigators, obtained a position as a vending machine technician working for Szabo Foods, which serviced the GM plant, as his cover. Neither PLE nor Goodall was licensed in Michigan as required by the Private Detective License Act. Prior to commencing his investigation, Goodall conferred with the chief of security at GM and with members of the Southwest Enforcement Team (SWET), which is a cooperative effort of area law enforcement officers who work under the supervision of the Michigan State Police and investigate drug trafficking in a multicounty area. Both SWET and GM officials gave Goodall money to purchase drugs. SWET also occasionally provided surveillance and back-up personnel for Goodall's activities. He sent copies of his reports to SWET, but did not consider himself to be SWET's agent and was not subject to SWET's authority. SWET had no control over Goodall's day-to-day activities and did not tell him who to investigate. As a result of Goodall's activities, Eddie C. Moore, Lester John Gonder, Ronald Brooks, Ken Paul Stone, Jackie Mannon, and Marilyn Koole were charged in district court with violations of the controlled substances act for delivery or possession of cocaine or marijuana. Following preliminary examinations, the district court judge dismissed the charges against Gonder, Brooks, Stone, Mannon, and Koole on the grounds that Goodall violated defendants' due process rights, acting in violation of the Pri-

REFERENCES

Am Jur 2d, Criminal Law §§ 411 *et seq.*, 785; Evidence §§ 408 *et seq.*; Licenses and Permits § 6.

Regulation of private detectives, private investigators, and security agencies. 86 ALR3d 691.

Admissibility, in criminal case, of evidence obtained by search by private individual. 36 ALR3d 553.

vate Detective License Act. The court also found that defendants had been entrapped. Another district court judge dismissed the charges against Moore, ruling that Goodall's activity was unlawful per se because he was not licensed in Michigan as a private detective. That judge also ruled that Goodall was an agent of the police and, through his actions, violated Moore's due process rights. The people appealed the dismissals to the Kalamazoo Circuit Court, which affirmed the dismissals. The court, Richard R. Lamb, J., held that Goodall was not an agent of SWET, but that he had violated the Private Detective License Act as well as defendants' due process rights. The people, by leave granted, appealed to the Court of Appeals, which, in an unpublished opinion per curiam, reversed, holding that Goodall was not an agent of the government and thus was acting as a private citizen, that the Fourteenth Amendment offers no shield against private conduct, and that a violation of the Private Detective License Act does not require suppression of Goodall's testimony or dismissal of the charges against defendants. Defendants sought leave to appeal to the Supreme Court, which, in lieu of granting leave, vacated the Court of Appeals judgment and remanded the case to the Court of Appeals for further consideration in light of the Supreme Court's determination that Goodall was an agent of the police. 432 Mich 872 (1989).

On remand, the Court of Appeals *held:*

1. The failure of Goodall and PLE to secure a license as required by the licensing statute is a statutory violation, not a constitutional one. Application of the exclusionary rule or dismissal of charges is improper where the violation is statutory and not constitutional. Insofar as the circuit court affirmed the dismissal of the charges against defendants on the basis of Goodall's violation of the Private Detective License Act, the court erred. Furthermore, the Supreme Court determined that Goodall was an agent of the police. The Private Detective License Act does not apply to officers or employees of the state or a political subdivision thereof while such officer or employee is engaged in the performance of his official duties. The Supreme Court's determination that Goodall was a police agent renders moot the issue whether his violation of the statute made his actions unlawful per se.

2. The circuit court correctly held that a district court, when conducting a preliminary examination on a felony charge, does not have jurisdiction to hear and decide a defendant's claim of entrapment. The district court which found that defendants had been entrapped abused its discretion. On remand, the

district courts are instructed to bind defendants over for trial. Defendants may then raise the issue of entrapment and request an evidentiary hearing if they so choose.

3. Goodall's activities as an undercover agent of the police may or may not have been illegal. However, the remedy, if any, to which defendants may be entitled does not include dismissal of the charges against them, nor do Goodall's actions preclude his giving testimony at the preliminary examinations. The courts below erred in dismissing the charges and in upholding those dismissals.

4. That portion of the circuit court's order which affirmed the district court's dismissals of the charges is reversed. That portion of the circuit court's order which stated that the district court, when conducting a preliminary examination on a felony charge, does not have jurisdiction to hear and decide a defendant's claim of entrapment is affirmed. The district courts abused their discretion in refusing to bind defendants over for trial. The cases are remanded to the district courts with instructions to bind defendants over for trial.

Affirmed in part, reversed in part, and remanded for further proceedings.

1. EVIDENCE — EXCLUSIONARY RULE — STATUTORY VIOLATIONS.

A statutory violation, especially where the statute provides its own remedy, does not require the application of the exclusionary rule, which is a rule directed only at official police misconduct and applies only to violations of constitutional rights.

2. LICENSES — PRIVATE DETECTIVE LICENSE ACT.

The Private Detective License Act does not apply to an officer or employee of this state or a political subdivision thereof while engaged in the performance of official duties (MCL 338.824[b]; MSA 18.184[4][b]).

3. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — ENTRAPMENT.

A district court, when conducting a preliminary examination on a felony charge, does not have jurisdiction to hear and decide a defendant's claim of entrapment; a claim of entrapment is resolved at a separate evidentiary hearing, at which the defendant bears the burden of proving entrapment by a preponderance of the evidence.

4. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — CONFLICTING EVIDENCE — REASONABLE DOUBT.

It is not the function of a magistrate at a preliminary examination to weigh the evidence carefully and discharge the accused

when the evidence conflicts or raises a reasonable doubt as to guilt; such questions are for the jury.

5. CRIMINAL LAW — CRIMINAL INVESTIGATIONS — ILLEGAL ACTIVITIES OF INVESTIGATORS.

Any illegal activities an undercover private investigator may have engaged in while working in conjunction with the police in investigating suspected illegal drug trafficking does not entitle the defendants to dismissal of the charges brought against them as a result of the investigation nor does the engaging in such illegal activities preclude the private investigator from testifying against the defendants at the preliminary examination.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Michael H. Dzialowski,* Assistant Prosecuting Attorney, for the people.

Before: McDONALD, P.J., and GRIBBS and DOCTOROFF, JJ.

PER CURIAM. This case returns to us on remand for further consideration from the Michigan Supreme Court, which vacated our judgment of July 13, 1988, *People v Gonder* and *People v Moore,* unpublished opinion per curiam of the Court of Appeals, decided July 13, 1988 (Docket Nos. 90986, 90999, and 91000). Two other defendants, originally involved in our earlier decision, did not appeal to the Supreme Court and, thus, are not included in this remand.

In these cases, defendants were charged with violations of the controlled substances act, MCL 333.7101 *et seq.;* MSA 14.15(7101) *et seq.,* for delivery or possession of cocaine or marijuana. Following preliminary examinations, the district court judges dismissed these cases on the basis of the actions of the undercover private investigator who testified for the people. The cases were then consolidated for appeal to the circuit court. The peo-

ple appealed to this Court by leave granted from the circuit court order affirming the district courts' orders dismissing the charges against defendants. We reversed.

On remand, we have been directed to reconsider our prior decision in light of the Supreme Court's determination that the private investigator, James Goodall, was an agent of the police. Upon reconsideration, we reverse in part and affirm in part.

At the separate district court preliminary examinations, Goodall was the only testifying witness. When these incidents occurred, Goodall was a salaried employee for an Ohio private investigation firm called Professional Law Enforcement, Inc. (PLE), which was hired by General Motors Corporation to investigate suspected drug activity of its employees. A former police officer, Goodall worked for PLE as an undercover narcotics investigator. However, neither he nor PLE was licensed in Michigan as required by the Private Detective License Act, MCL 338.821 *et seq.*; MSA 18.184(1) *et seq.*

In his role as an undercover investigator, Goodall secured a position as a vending machine technician with Szabo Foods, which serviced the GM plant. Prior to the commencement of his investigation into the drug activities of GM employees, Goodall had a conference with the chief of security at GM who supplied him with a list of names. Goodall did not remember if any of defendants' names were mentioned. Goodall also met with members of the Southwest Enforcement Team (SWET), which is a cooperative effort of area law enforcement officers who work under the supervision of the Michigan State Police and investigate drug trafficking in a multicounty area. The team included police from the Kalamazoo police department, the county sheriff's department and the

Michigan State Police. Both SWET and GM officials gave Goodall money to purchase drugs.

Goodall's investigation lasted four months. In the course of his investigation, Goodall made many drug purchases. Some of these purchases occurred within the GM plant, while others occurred off plant premises and property. Some of these transactions occurred spontaneously and fortuitously. Often, in the course of consummating a drug purchase, Goodall did not know where he had been taken.

Goodall at times accepted delivery of drugs at his apartment in Kalamazoo, Michigan. He had his own set of scales which he used to weigh the drugs. He kept drugs secured in his apartment until he transferred them to a member of SWET.

On one occasion, Goodall took a minor female whom he was investigating to a local tavern to purchase beer for both of them. He testified that he did not know how old she was.

Goodall made no arrests during the course of his activities in Michigan. He stated that he worked in conjunction with SWET, which would occasionally provide surveillance and back-up personnel. He sent copies of his reports to SWET, but Goodall did not consider himself to be its agent and he was not subject to its authority. SWET had no control over his day-to-day activities and did not tell him who to investigate.

At the conclusion of the preliminary examination in Case No. 115691, the district court granted defendants' motions to suppress all of Goodall's testimony and dismissed the charges against them, finding that Goodall violated defendants' due process rights, acting in violation of the Private Detective License Act. The district court also found that defendants had been entrapped. In Case No. 115690, the district court dismissed the case, rul-

ing that Goodall's activity was unlawful per se because he was not licensed in Michigan as a private detective. Additionally, the court ruled that Goodall was an agent of the police and, through his actions, violated defendant's due process rights. In Case No. 115692, the district court dismissed the case, adopting the decision it had rendered in Case No. 115690.

The circuit court affirmed the orders of the district courts which dismissed the cases against defendants Gonder, Mannon, Brooks, Stone and Koole (Case No. 115691), Moore (Case No. 115690), and Gonder (Case No. 115692). The circuit court determined that, although Goodall was not an agent of SWET, he had violated the Private Detective License Act as well as defendants' due process rights.

I

Each of the district courts' determinations that Goodall's activities were illegal and required dismissal of the charges was based in part on his violation of the Private Detective License Act, MCL 338.823; MSA 18.184(3). In our prior decision, we held that a violation of that statute does not require suppression of testimony or dismissal of the charges. The Legislature provided a specific punishment as set forth in the act. A violation of the Private Detective License Act is a misdemeanor punishable by ninety days imprisonment or a $1,000 fine or both. The statute does not provide that a person who violates its provisions is precluded from testifying in criminal proceedings. A statutory violation, especially where the statute provides its own remedy, does not require the application of the exclusionary rule, which is a rule directed only at official police misconduct.

*People v Burdo,* 56 Mich App 48, 51-52; 223 NW2d 358 (1974); *Birkenshaw v Detroit,* 110 Mich App 500, 512-513; 313 NW2d 334 (1981).

Upon reconsideration, our decision on this issue remains the same. Application of the exclusionary rule or dismissal of charges is improper where the violation is statutory and not constitutional. Thus, insofar as the circuit court affirmed defendants' dismissals on the basis of Goodall's violation of the Private Detective License Act, the court erred.

Furthermore, upon reconsideration as ordered by the Supreme Court, we conclude that, as an agent of the police, the Private Detective License Act does not apply to Goodall. MCL 338.824(b); MSA 18.184(4)(b) states that the act shall not apply to an officer or employee of this state or a political subdivision thereof, while such officer or employee is engaged in the performance of his official duties. Thus, the Supreme Court's order on remand that Goodall was a police agent renders this issue moot.

II

Because we are reversing the circuit court's affirmation of the district courts' dismissals and remanding these cases back to the district courts so that the defendants may be bound over for trial, we find it necessary to consider that portion of the circuit court's order which held that the district court, when conducting a preliminary examination on a felony charge, does not have jurisdiction to hear and decide a defendant's claim of entrapment. We affirm that portion of the circuit court's order.

In Case No. 115691, the magistrate found that Goodall had entrapped the defendants. This was an abuse of the magistrate's discretion. The magis-

trate does not have jurisdiction to make a determination on a defendant's claim of entrapment. A claim of entrapment is resolved at a separate evidentiary hearing procedurally similar to what the bench and bar of this state have come to know as the *Walker* hearing. *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965). The defendant bears the burden of proving entrapment by a preponderance of the evidence. The trial judge's decision is subject to appellate review under the "clearly erroneous" standard. *People v D'Angelo*, 401 Mich 167, 177-178; 257 NW2d 655 (1977); *People v Owczarzak*, 144 Mich App 65, 66; 372 NW2d 683 (1985), lv den 424 Mich 882 (1986).

The purpose of a preliminary examination is to determine whether a crime has been committed and if there was probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931; *People v King*, 412 Mich 145; 312 NW2d 629 (1981). Probable cause does not require proof beyond a reasonable doubt, but there must be evidence from which each element of the charged crime can be inferred. *People v Hammond*, 161 Mich App 719, 720-721; 411 NW2d 837 (1987). An examining magistrate may weigh the credibility of witnesses. *People v Coons*, 158 Mich App 735, 738; 405 NW2d 153 (1987), lv den 428 Mich 900 (1987). It is not the function of the magistrate to weigh the evidence carefully and discharge the accused when the evidence conflicts or raises a reasonable doubt as to guilt, however. Such questions are for the jury. *Wayne County Prosecutor v Recorder's Court Judge*, 92 Mich App 119, 122-123; 284 NW2d 507 (1979). This Court reviews the decision of the examining court for an abuse of discretion. *People v Forbush*, 170 Mich App 294, 300-301; 427 NW2d 622 (1988); *People v Siler*, 171 Mich App 246, 250; 429 NW2d 865 (1988).

A preliminary examination is not a trial and the binding over of a defendant is not a conviction. If preliminary examination evidence conflicts or raises a reasonable doubt regarding a defendant's guilt, this question is properly left for judge or jury at trial, and the binding over of the defendant is still required. *Forbush, supra,* 301-302.

We conclude that the magistrate in Case No. 115691 abused his discretion in failing to make a determination as to whether a crime had been committed and whether there was probable cause to believe that defendants did it and in determining that defendants had been entrapped. While this Court possesses the authority to decide the entrapment issue as a matter of law, we decline to do so. *People v Ramon,* 86 Mich App 113, 117; 272 NW2d 124 (1978). On remand, the magistrate is instructed to bind defendants over for trial. Defendants may then raise the issue of entrapment and request an evidentiary hearing, if they so choose.

III

Having disposed of the preliminary issues, we address the main issue which brings this case back to us. The circuit court affirmed the district courts' dismissals of the charges against defendants, holding that Goodall was not an agent of the police but that he had violated "due process of law." In our prior opinion, we reversed the circuit court's affirmation, holding that (1) Goodall was not an agent of the government, thus he was acting as a private citizen, and (2) the Fourteenth Amendment offers no shield against private conduct, *Jackson v Metropolitan Edison Co,* 419 US 345, 349; 95 S Ct 449; 42 L Ed 2d 477 (1974); *Grand Rapids v Impens,* 414 Mich 667, 673; 327 NW2d 278 (1982).

Upon reconsideration, under the directive from

the Supreme Court that Goodall was an agent of the police, we reverse the circuit court's affirmation of the district courts' dismissals on the basis of *People v Meyer,* 424 Mich 143; 379 NW2d 59 (1985).

In *Meyer,* the police officer violated MCL 764.2a; MSA 28.861(1), which requires that a police officer may not exercise power and authority outside his own jurisdiction unless he was enforcing the laws of this state in conjunction with a peace officer affiliated with a police agency in that outside jurisdiction. In *Meyer,* the police officer had participated in an illegal drug transaction with the defendant and thereafter swore to and filed a complaint against the defendant and gave evidence in the matter at a subsequently scheduled preliminary examination. *Id.,* p 156. The Court focused on the question of the legality of the police officer's action in signing and swearing to a felony complaint against the defendant and testifying at the preliminary examination. The Court held, at 157:

> Our attention has not been invited to any constitutional, statutory, common-law, or decisional authority that would disqualify an undercover officer who engages in an illegal drug transaction outside his bailiwick from filing a criminal complaint against the person with whom he dealt and from testifying against such person in subsequent judicial proceedings; nor have we found any.
> MCL 764.1; MSA 28.860(1) provides:
> "A magistrate shall issue a warrant upon presentation of a proper complaint alleging the commission of an offense and a finding of reasonable cause to believe that the person accused in the complaint committed that offense. The complaint shall be sworn to before a magistrate or clerk."
> As noted by the dissenting judge below, nothing in that statute requires that the complainant not

have been acting illegally at the time the offense occurred. Likewise, nothing in the statutes that authorize the binding over of the defendant to the circuit or Recorder's courts following preliminary examination, or provide for the examination of witnesses for or against the defendant at the preliminary examination, requires that the complainant or any of the witnesses be acting without a "taint of illegality" concerning the commission of the offense in question.

The *Meyer* Court discussed decisions from other jurisdictions where the courts upheld undercover investigations and arrests that took place entirely outside the officers' bailiwicks. *Id.,* p 159. It was found:

> [A]n undercover police officer does not rely upon his official authority to investigate criminal activity; he relies upon his own senses. An undercover officer, by definition, does not obtain information through actions taken under color of law. He does so by concealing his identity as an officer of the law. [*Id.*]

The Court concluded:

> It is clear, however, that under the facts of this case, the remedy, if any, to which defendant may be entitled does not include dismissal of the criminal charges against him. The fact that Officer Carpenter was acting outside his bailiwick does not preclude his swearing to the felony complaint or his acting as a complaining witness; nor does it preclude his giving testimony at the preliminary examination. The courts below erred in dismissing the charge and in upholding that dismissal. [*Id.,* p 162.]

Dismissal of criminal charges as a remedy for alleged police misconduct is a drastic and disfavored remedy. *United States v Blue,* 384 US 251, 255; 86 S Ct 1416; 16 L Ed 2d 510 (1966); *People v Gallego,* 430 Mich 443, 454; 424 NW2d 470 (1988).

In the instant case, unlike the situation in *Meyer,* Goodall did not arrest any of the defendants nor did he file the complaint against them. These matters were carried out by SWET. Goodall's activities as an undercover agent of the police may or may not have been illegal. Whether his actions rise to the level of entrapment is an issue yet to be determined. However, as the Court held in *Meyer,* the remedy, if any, to which defendants may be entitled does not include dismissal of the charges against them. Goodall's actions do not preclude his giving testimony at the preliminary examination. The courts below erred in dismissing the charges and in upholding those dismissals.

We, therefore, reverse that portion of the circuit court's order which affirmed the district courts' dismissals of charges in Cases No. 115690, 115691, and 115692. We affirm that portion of the circuit court's order which stated that the district court, when conducting a preliminary examination on a felony charge, does not have jurisdiction to hear and decide a defendant's claim of entrapment. We conclude that the magistrates abused their discretion in refusing to bind defendants over in Cases No. 115690, 115691 and 115692. Accordingly, these cases are remanded to the district courts with instructions to bind defendants over for trial.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.