PEOPLE v LAWS

Docket No. 189103. Submitted April 2, 1996, at Lansing. Decided August
23, 1996, at 9:40 A.M. Leave to appeal denied, 453 Mich 957.

Louis E. Laws, Jr., was charged in the 50th District Court with carry-
ing a concealed weapon and being a felon in possession of a
weapon. The crimes were alleged to have occurred six months ear-
lier, while the defendant served as a confidential informant in a
prolonged drug-trafficking investigation conducted by the Pontiac
Police Department, but no criminal charges were filed at that time.
Before his preliminary examination, the defendant moved to dis-
cover the police reports generated during the investigations in
which he acted as an informant. The district court, Leo Bowman,
J., ordered the prosecution to produce the reports for an in camera
review, after which it would determine if the reports were discov-
erable. The Oakland Circuit Court, Robert L. Templin, J., in
response to the prosecution's emergency application for leave to
appeal, issued a protective order pending a full hearing. Following
the hearing, the court ruled that the police reports potentially con-
tained information necessary to the defendant's defense and that
the district court should determine their relevance. The circuit
court dissolved its protective order and affirmed the order of the
district court. The prosecution appealed by leave granted.

The Court of Appeals *held*:

1. The defendant's contentions that the filing of the criminal
charges constituted prosecutorial vindictiveness and the charges
were marred by unreasonable prearrest delay are allegations of due
process violations. The district court may rule on such allegations
where the facts warrant.

2. The defendant's contention that he did not commit the crimes
charged implicates the proper jurisdiction of the district court.
Because the district court may assess the credibility of witnesses in
determining whether a crime has been committed, the district
court had jurisdiction to order the in camera review of the
requested documents.

3. The district court's decision to order an in camera review is
discretionary. The district court's decision in this case was not an
abuse of discretion.

Affirmed.

1. CRIMINAL LAW — COURTS — MOTIONS AND ORDERS — DUE PROCESS.

A district court may conduct a due process hearing before or during a preliminary examination or before a defendant is bound over for trial and may issue rulings regarding alleged due process violations where the facts warrant.

2. CRIMINAL LAW — DISCOVERY — COURTS — MOTIONS AND ORDERS — POLICE REPORTS — IN CAMERA REVIEW.

The district court may assess the credibility of witnesses in determining whether a crime has been committed and if there is probable cause to believe that the defendant committed it; to determine whether police reports that allegedly support the defendant's contention that the defendant did not commit the crime are discoverable and to aid in assessing the credibility of the police officers who will testify at the preliminary examination, the court may order an in camera review of the police reports; the determination whether to order an in camera review is discretionary.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Marilyn J. Day*, Assistant Prosecuting Attorney, for the people.

Before: O'CONNELL, P.J., and HOOD and C. L. HORN,* JJ.

O'CONNELL, P.J. Defendant served as a confidential informant in a prolonged drug-trafficking investigation conducted by the Pontiac Police Department. In January 1995, Pontiac police officers claim to have seized a firearm from defendant. Although defendant apparently was a felon prohibited from possessing a firearm, no criminal charges were immediately filed.

In June 1995, defendant disclosed to officers that he was engaged in selling illegal drugs. The Pontiac

---

* Circuit judge, sitting on the Court of Appeals by assignment.

police immediately ceased using defendant as an informant. Shortly thereafter, the Pontiac police executed a search warrant to search defendant's house for drugs. None were found. Defendant later suggested that he had not been selling drugs, but had only fabricated the story to avoid participating in the "bust" of one of his relatives.

In July 1995, the Oakland County Prosecutor's Office authorized a complaint and arrest warrant charging defendant with the felonies of carrying a concealed weapon, MCL 750.227; MSA 28.424, and being a felon in possession of a weapon, MCL 750.224f; MSA 28.421(6). The charges arose out of defendant's alleged possession of the firearm the previous January.

Defendant was arraigned in the district court. Before his preliminary examination, defendant moved to discover the police reports generated while he was acting as an informant. These reports did not pertain to any investigation of defendant, but concerned investigations in which defendant had participated as an informant. The district court ordered the prosecution to produce the reports for an in camera review, after which the court would determine if any of the reports were discoverable. The prosecution filed an emergency application for leave to appeal in the circuit court. The circuit court issued a protective order pending a full hearing.

Approximately a month later, a full hearing was held in the circuit court. Defendant argued, first, that the charges constituted vindictive prosecutions and were marred by an unreasonable prearrest delay. He also contended that the crimes had never occurred: that he had never been in possession of a firearm.

Defendant submitted that an in camera review of the contemporaneously generated police reports would substantiate his claims. The prosecution claimed, inter alia, that the police reports pertained to ongoing drug investigations and that revealing this information, even if only to the district court itself, would jeopardize the investigations and place officers' lives in danger. The prosecution also contended that the records were not relevant to defendant's prosecution or defense.

The circuit court ruled that the police reports potentially contained information necessary for defendant's defense and that the district court was in a better position to evaluate the police reports to determine their relevance. Accordingly, the circuit court dissolved its protective order and affirmed the original order of the district court. The prosecution now appeals by leave granted the order of the circuit court affirming the order of the district court requiring it to deliver police reports to the district court for an in camera inspection. We affirm.

I

At issue on appeal is whether the district court has the authority to order the in camera review of the police reports to determine whether any are discoverable.[1] The prosecution presents a two-tiered argument. First, the prosecution submits that the district court was without jurisdiction to order the in camera review of the police reports in light of the particular allegations made by defendant. Second, the prosecu-

---

[1] We would emphasize that, because the district court has not yet made a determination regarding whether any of the reports are discoverable, we are not called upon to review this question.

tion argues that even if the court did have jurisdiction, it abused its discretion in ordering the review under the facts of the present case.

To reiterate the first contention, the prosecution argues that the district court lacked jurisdiction to order the in camera review of the police reports in light of the particular allegations made by defendant. Whether a court has subject-matter jurisdiction is a question of law. *Dlaikan v Roodbeen*, 206 Mich App 591, 592; 522 NW2d 719 (1994). We review questions of law de novo. *People v Connor*, 209 Mich App 419, 423; 531 NW2d 734 (1995).

The jurisdiction of the district court in criminal cases is set forth in MCL 600.8311; MSA 27A.8311, which provides as follows:

The district court shall have jurisdiction of:

> (a) Misdemeanors punishable by a fine or imprisonment not exceeding 1 year, or both.
> (b) Ordinance and charter violations punishable by a fine or imprisonment, or both.
> (c) Arraignments, the fixing of bail and the accepting of bonds.
> (d) *Preliminary examinations in all felony cases* and misdemeanor cases not cognizable by the district court, but there shall not be a preliminary examination for any misdemeanor to be tried in a district court. [Emphasis supplied.]

The district court may order discovery in carrying out its duty to conduct preliminary examinations. Discovery may be ordered before the preliminary examination. *In re Bay Prosecutor*, 109 Mich App 476; 311 NW2d 399 (1981). As set forth in *People v Moore*, 180 Mich App 301, 309; 446 NW2d 834 (1989), "[t]he purpose of a preliminary examination is to determine whether a crime has been committed and if there [is]

probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931; *People v King*, 412 Mich 145; 312 NW2d 629 (1981)." See also MCR 6.110(E). Significantly, when conducting a preliminary examination, "[a]n examining magistrate may weigh the credibility of witnesses." *Moore, supra,* p 309. However, the role of the magistrate is not that of ultimate finder of fact; where the evidence conflicts and raises a reasonable doubt regarding the defendant's guilt, the issue is one for the jury, and the defendant should be bound over. *Id.*

Discovery should be granted where the information sought is necessary to a fair trial and a proper preparation of a defense. *People v Graham*, 173 Mich App 473, 477; 434 NW2d 165 (1988). Even inadmissible evidence is discoverable if it will aid the defendant in trial preparation. *People v Byrne*, 199 Mich App 674, 677; 502 NW2d 386 (1993). A defendant has a due process right to obtain evidence in the possession of the prosecutor if it is favorable to the accused and material to guilt or innocence. *People v Stanaway*, 446 Mich 643, 666; 521 NW2d 557 (1994). An in camera review is often utilized to determine whether evidence sought is discoverable. *Id.*, p 680.

Here, defendant sought the discovery of police reports to support his contentions that, first, the filing of the criminal charges constituted prosecutorial vindictiveness, second, the charges were marred by unreasonable prearrest delay, and, third, he had not committed the crimes charged.

With respect to defendant's first two contentions, both are allegations of due process violations. *People v Goeddeke*, 174 Mich App 534, 536; 436 NW2d 407 (1988); *People v Ervin*, 163 Mich App 518, 519-520;

415 NW2d 10 (1987). This Court has previously stated, in dicta, that the question of violation of due process is to be determined by the circuit court. *People v Hernandez*, 15 Mich App 141, 147; 170 NW2d 851 (1968). During the course of a preliminary examination, the district court generally defers to the circuit court with regard to these matters. However, there exists no court rule or statute that prohibits the district court from conducting a due process hearing before or during the preliminary examination, or before the defendant is bound over for trial. Certain due process hearings, such as *Miranda*,[2] *Tucker*,[3] and *Walker*[4] hearings, are at times necessary to a proper preliminary examination. We conclude that the district court may rule on such allegations of due process violations where the facts warrant. To the extent that this conflicts with *Hernandez*, we decline to follow that decision. See Supreme Court Administrative Order No. 1996-4.

Defendant's third contention, that he did not commit the crimes charged, clearly implicates the proper jurisdiction of the district court, as well. The district court has jurisdiction to determine "whether a crime has been committed." *King, supra*, p 152. Indeed, this is the very purpose of a preliminary examination. Here, the district court expressly stated that it would review the requested police reports in camera as an aid in assessing the credibility of the officers who would be testifying at the preliminary examination. While it is unlikely that information contained in the

---

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[3] *United States v Tucker*, 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972).

[4] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

police reports would be sufficient to undermine completely the credibility of the officers, the reports were a legitimate aid in effecting the purpose of the district court when holding a preliminary examination. Therefore, because the district court may assess the credibility of witnesses, *Moore, supra,* when determining whether a crime has been committed and whether there is probable cause to believe that the defendant committed it, *King, supra,* we hold that the district court had jurisdiction to order the in camera review of the requested documents. *Stanaway, supra,* p 680.

In sum, because the district court possesses the authority to conduct necessary due process hearings and to assess the credibility of witnesses when determining whether a crime has been committed and whether the defendant committed the crime, the district court's actions in the present case did not exceed its jurisdiction.

II

The prosecution also argues that, should this Court conclude that the district court has jurisdiction to order the in camera review of the police reports, the district court's actions under the circumstances of the present case nonetheless constituted an abuse of that discretion. Initially, we must determine whether the ordering of such an in camera review is at the discretion of the court. Until recently, all discovery in criminal cases was trusted to the discretion of the court. See *People v Lemcool (After Remand),* 445 Mich 491, 497; 518 NW2d 437 (1994); 2 Gillespie, Michigan Criminal Law & Procedure (2d ed, 1996 Cum Supp), § 554.15, p 9. However, with the adoption of MCR 6.201, effective January 1, 1995, certain discovery in

criminal cases is now mandatory. This court rule describes information that *must* be provided by each party upon request and certain information that must, upon a defendant's request, be provided by the prosecution. MCR 6.201.

Though cognizant of each party's right to discover the information set forth in the court rule, we believe that the district court's decision to order an in camera review remains discretionary. For example, in *Stanaway*, *supra*, p 677, our Supreme Court was faced with a situation in which a defendant sought to discover certain privileged information that could contain exculpatory information. The Court ruled that "in an appropriate case there should be available the option of an in camera inspection by the trial judge of the privileged record on a showing that the defendant has a good-faith belief, grounded on some demonstrable fact, that there is a reasonable probability that the records are likely to contain material information necessary to the defense." While *Stanaway* antedates the adoption of MCR 6.201, its reasoning, particularly its emphasis on the "option" of an in camera review, would appear still to be valid.

Thus, having determined that the decision to order an in camera review is discretionary, we must consider whether the district court in the present case abused its discretion. An abuse of discretion exists only if an unprejudiced person, considering the facts on which the trial court acted, would say that there was no justification or excuse for the ruling. *People v Milton*, 186 Mich App 574, 575-576; 465 NW2d 371 (1990), remanded on other grounds 438 Mich 852 (1991).

We find no abuse of discretion. As set forth above, defendant was involved in several police investigations that were conducted during the period in which he was alleged to have been found carrying a firearm. Because the reports generated during these investigations were created contemporaneously with defendant's alleged criminal activity, it is conceivable that they contained exculpatory information or information otherwise necessary to defendant's defense. While one may disagree that this information establishes "a reasonable probability that the records are likely to contain material information necessary to the defense," *Stanaway, supra,* p 677, "one could not seriously contend that the court's actions were so violative of fact and logic as to constitute perversity of will or defiance of judgment," the appropriate questions when determining whether an abuse of discretion has occurred. *Model Laundries & Dry Cleaners v Amoco Corp,* 216 Mich App 1, 5; 548 NW2d 242 (1996). Were our review de novo, we might reach a different conclusion, but, reviewing only for an abuse of discretion, we find none.

The district court has jurisdiction to order in camera reviews incident to discovery requests, and the court in the present case did not abuse its discretion in light of the circumstances. Because the proceedings below have not yet advanced to the stage where discovery has been either ordered or denied, we decline to address these contingencies.

Affirmed.