*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 10, 2019

Plaintiff-Appellee,

v

No. 343350
Oakland Circuit Court
LC No. 2017-264489-FH

STANLEY EARL DAVIS,

Defendant-Appellant.

Before: CAVANAGH, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions for unarmed robbery, MCL 750.530, and domestic violence, second offense, MCL 750.81(4).[1] Defendant was acquitted of first-degree home invasion, MCL 750.110a(2). Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 12 to 50 years' imprisonment for unarmed robbery, and 365 days in jail for domestic violence, second offense. We affirm.

## I. FACTS

This case arises out of an incident between defendant and his sister, Ninia Davis. At the time of the incident, Davis lived in an apartment in Pontiac, Michigan. On March 10, 2017, Davis opened her apartment door with the intention of leaving, but there were four chairs placed outside her door, blocking the doorway. When Davis stepped out of her apartment to move the chairs, she saw defendant in the hallway. Defendant pushed Davis inside her apartment. Defendant and Davis sat for a moment, and then defendant told Davis that he wanted money. Davis said "what money," and then defendant slapped her in the face. Davis ran into her

---

[1] The judgment of sentence refers to MCL 750.81(3) as the statutory provision under which defendant was convicted for domestic violence, second offense. However, the statute was amended in 2016, resulting in a renumbering. Domestic violence, second offense is now MCL 750.81(4).

-1-

bedroom to call the police, but defendant grabbed her phone and threw it against the wall, damaging it. Davis's apartment had "emergency cords" that she could pull in case of emergency, but defendant blocked her from pulling the emergency cords. Defendant then repeatedly hit Davis.

Defendant found the lockbox in which Davis kept her money. Defendant slammed the lockbox against the floor to try to open it. He also tried to pry it open with a screwdriver. When defendant could not open the lockbox, he started to hit Davis again. Davis had a stent in her leg because of a blood clot. Defendant knew that Davis had a stent. Every time defendant slapped Davis, she could feel the vibration go to her stent. Defendant eventually opened the lockbox and took $90. After he took the money, he left Davis's apartment. Davis called the police. Deputy Paul McDougal testified that, on the day of the incident, he was dispatched to Davis's apartment, where he noticed a small safety deposit box pried open and a broken cell phone. Davis had a bloody nose and a bruise on her left forearm.

## II. PROCEDURAL HISTORY

The prosecution filed three cases against defendant for this incident. The first two cases were dismissed, and defendant's appeal arises out of the third case. On March 15, 2017, the prosecution charged defendant with one count of unarmed robbery and one count of domestic violence, second offense. On the same day, the district court held a "swear-to" hearing, during which Detective Brian McLaughlin testified to facts concerning the incident to support the authorization of the warrant and complaint. Detective McLaughlin testified that defendant waited for Davis outside of her apartment and when she unlocked the door, "he barged his way into her apartment" and eventually grabbed Davis's lockbox knowing there was money inside. Detective McLaughlin also testified that, when Davis "attempted to stop [defendant] from getting into the safe, he punched her and slapped her several times in the face, arm and leg area causing minor injury," and then broke into the lockbox, stole $90, and left the apartment. The district court found probable cause to authorize the warrant and complaint. Defendant was arraigned, and on April 20, 2017, the district court held a preliminary examination. Davis did not appear at the preliminary examination. Because Davis failed to appear, the district court dismissed the charge of unarmed robbery, but scheduled defendant for a bench trial on the misdemeanor charge of domestic violence, second offense.

Upon notice that Davis would cooperate, the prosecution filed a new case, recharging defendant with unarmed robbery and domestic violence, second offense. On May 15, 2017, the district court held another "swear-to" hearing on the new warrant and complaint, during which Detective McLaughlin swore to the information in the new warrant, testifying that defendant approached Davis's door and "barged his way into her apartment," and "stole the $90.00 from the safe." The district court stated that it was signing the warrant and scheduling the case for an arraignment. The new complaint was signed and authorized on May 15, 2017. The district court dismissed the first case in its entirety and arraigned defendant on the new charges. On June 6, 2017, a preliminary examination was held, at which Davis testified, and defendant was bound over on the charges.

On August 16, 2017, defendant filed a motion to quash the second warrant, arguing that Detective McLaughlin's testimony at the May 15, 2017 "swear-to" hearing did not justify

authorization of the unarmed robbery charge. Detective McLaughlin did not testify that defendant used force or violence against Davis or put Davis in fear as required by MCL 750.530. The circuit court held a hearing on the motion to quash the warrant and agreed with defendant that there had been insufficient evidence presented at the May 15, 2017 "swear-to" hearing to authorize the warrant. On August 23, 2017, the circuit court entered an order dismissing, without prejudice, the second case in its entirety. On August 24, 2017, the circuit court entered an amended order granting defendant's motion to quash.

On August 24, 2017, the prosecution refiled the charges, again charging defendant with unarmed robbery and domestic violence second offense, and defendant was arraigned the following day. The prosecution subsequently amended the complaint to add one count of first-degree home invasion. The district court held a preliminary examination and defendant was bound over to circuit court on all charges. On February 27, 2018, the jury found defendant guilty of unarmed robbery and domestic violence, second offense, but acquitted defendant of first-degree home invasion. Defendant now appeals.

III. ANALYSIS

Defendant argues in his brief on appeal that his sentence for unarmed robbery was not reasonable. We disagree.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). An abuse of discretion occurs when a trial court violates the "principle of proportionality" by imposing a sentence that is not "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 460, 474 (citation and quotation marks omitted).

In *Lockridge*, 498 Mich at 391-392, our Supreme Court held that the sentencing guidelines are advisory only and this Court is to determine whether a sentence that departs from the applicable guidelines range is reasonable. A sentence is considered reasonable if it adheres to the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). "[T]he principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 351-352 (citation and quotation marks omitted; alteration in original). "[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *People v Dixon-Bey*, 321 Mich App 490, 521; 909 NW2d 458 (2017) (citations and quotation marks omitted).

To determine whether a sentence adheres to the principle of proportionality, the factors that may be considered by the trial court include, but are not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct

while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Walden*, 319 Mich App at 352-353 (citation and quotation marks omitted).]

When sentencing a defendant, "a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been[.]" *Dixon-Bey*, 321 Mich App at 525 (citations and quotation marks omitted).

Defendant's minimum sentencing guidelines range for unarmed robbery was 29 to 114 months. The trial court sentenced defendant to a minimum sentence of 144 months' imprisonment. The trial court considered defendant's extensive history of criminal activity, which involved three felonies and seven misdemeanors, and the court noted that defendant's first conviction was in 1984, and therefore, "defendant has been tearing up the charter of liberty since the 1980s." The trial court considered that defendant had a history of theft and assaultive crimes, stating that defendant's first conviction was for breaking and entering with intent to commit larceny, and therefore, "at the very beginning of his criminal history he is engaging in larceny and aggressive ways." The court also considered that defendant had been "maxed out on two prior MDOC sentences," specifically commenting on defendant's 1996 conviction for felonious assault, stating that defendant had been "discharged on the max without parole, which is a rarity." The court considered that, despite his prior two prison sentences, his prior incarcerations had no deterrent effect. The trial court also considered that it is a "betrayal of trust" for defendant to attack a disabled relative. The court also noted that defendant was unemployed and refused to cooperate with the presentence investigation report (PSIR) investigation.

The trial court considered the seriousness of this offense, noting that he attacked a disabled relative and insinuated that this particular incident was a continuation of defendant's history of assaultive crimes, stating that defendant has an extensive history of violating the law and defendant "was very aggressive" in violating the law in this particular case. The trial court also considered factors not adequately addressed by the guidelines. Although the sentencing guidelines consider past felonies and misdemeanors, the trial court focused on the extensive span of defendant's criminal behavior and the similarity of his crimes by considering that defendant's criminal behavior started in 1984, and he has continually engaged in "theft and assaultive crimes." The trial court also addressed factors not considered by the guidelines. The court considered the relationship between defendant and Davis, noting that he attacked a relative and betrayed her trust. The court also considered that defendant had served two full prison terms without being granted parole, but continued to engage in criminal behavior. And defendant would not cooperate with his PSIR investigation.

Moreover, the trial court specifically stated that an upward departure was appropriate in this situation, and supported the departure by noting that defendant has a "serial history of theft and assaultive crimes," and that prior prison sentences have failed to deter his criminal behavior. The trial court highlighted that the record "is quite voluminous in how defendant has violated the law in the past and was very aggressive in connection with violating the law this particular case[,]" when he attacked a relative. Based on this record, we conclude that the sentence imposed by trial court was reasonable, i.e., adhered to the principle of proportionality, and did not constitute an abuse of discretion.

Defendant also filed a Standard 4 Brief with this Court, setting forth the following arguments, most of which stem from issues arising out of the first two cases that were dismissed. Because these cases were dismissed, these issues are moot. "An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy." *People v Jones*, 317 Mich App 416, 431; 894 NW2d 723 (2016). However, we briefly address the arguments defendant raises in his Standard 4 Brief.

Defendant argues that his convictions should be reversed because the police lacked probable cause to arrest him and that the March 15, 2017 "swear-to" hearing contained insufficient evidence to justify the authorization of the initial warrant. We disagree.

"In order to preserve an issue for appellate review, it must be raised before and considered by the trial court." *People v Solloway*, 316 Mich App 174, 197; 891 NW2d 255 (2016). Defendant contests issues that arose from the first case, which was dismissed. In the current case, defendant did not contest or make a part of the lower court record any issues regarding his initial arrest. Therefore, this issue is not preserved.

Generally, this Court reviews constitutional issues de novo. *People v Wiley*, 324 Mich App 130, 164; 919 NW2d 802 (2018). However, this Court reviews unpreserved claims for plain error. *People v Gibbs*, 299 Mich App 473, 492; 830 NW2d 821 (2013). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

As an initial matter, there is no information in the record regarding defendant's arrest. This issue arises out of the first case that was filed against defendant. The district court dismissed that case when the prosecution chose to refile the charges. Therefore, this issue is moot because this Court cannot fashion a remedy for this issue. See *Jones*, 317 Mich App at 431. A new warrant and complaint were filed on August 24, 2017, from which defendant's convictions arise. Defendant does not appear to be challenging the sufficiency of the August 24, 2017 warrant and complaint. Nonetheless, we briefly address defendant's argument.

"The lawfulness of a search or seizure depends on its reasonableness." *People v Nguyen*, 305 Mich App 740, 751; 854 NW2d 223 (2014) (citation and quotation marks omitted). An arresting officer . . . must possess information demonstrating probable cause to believe that an offense has occurred and that the defendant has committed it." *Id*. "In reviewing a claim that the police lacked probable cause to arrest, this Court must determine whether facts available . . . at the moment of arrest would justify a fair-minded person of average intelligence in believing that the suspected person had committed a felony." *Id*. 751-752 (citation and quotation marks omitted). "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of criminal activity." *Id*. at 752 (citation and quotation marks omitted).

The district court authorized a warrant for defendant's arrest and a complaint on March 15, 2017, on charges of unarmed robbery and domestic violence, second offense. The police presumably arrested defendant pursuant to the warrant. However, the initial warrant and

complaint were dismissed, in part, when Davis did not appear at the preliminary examination, and then the initial case was dismissed completely when the prosecution refiled the charges. Therefore, defendant's argument stems from a case that was dismissed in his favor and is moot. Moreover, even though the circuit court dismissed the second case because there was insufficient evidence presented at the May 15, 2017 "swear-to" hearing to authorize the warrant in regard to the charge of unarmed robbery, at no time was there a dispute that there was probable cause to believe defendant committed domestic violence.

Furthermore, defendant has failed to establish that there was not probable cause for his arrest. Davis testified that defendant pushed her inside of her apartment, demanded money from her, and then repeatedly hit her when she refused to give him money. Defendant broke open Davis's lockbox and stole $90 from her. She then called the police. Deputy McDougal testified that, upon arriving at Davis's apartment on the day of the incident, she had a bloody nose and a bruise on her forearm. He also saw a pried open safety deposit box and a damaged cell phone. On the basis of this evidence, the police had probable cause to believe that a crime had been committed.

Defendant also argues that, in the first case, the district court abused its discretion when it failed to dismiss the domestic violence, second offense, charge when it dismissed the unarmed robbery charge because Davis did not appear at the preliminary examination. Again, the first case was ultimately dismissed in its entirety so this issue is moot. Nevertheless, domestic violence, second offense, MCL 750.81(4), is "a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both[.]" Under MCL 600.8311(a), the district court has jurisdiction over misdemeanors punishable by a fine or imprisonment not exceeding one year, or both. Moreover, there "shall not be a preliminary examination for any misdemeanor to be tried in a district court." MCL 600.8311(e). Therefore, the district court did not abuse its discretion in choosing not to dismiss the domestic violence, second offense, charge.

Next, defendant argues that his convictions should be reversed because he was denied his right to an arraignment in district court in the first and second cases. Again, this issue is moot because the first and second cases were dismissed. See *Jones*, 317 Mich App at 431. In any case, we disagree. After the initial charges were filed on March 15, 2017, the district court held an arraignment on April 6, 2017. Defendant was in custody at the time of the arraignment, and was present via video. See MCR 6.006(A). The district court explained to defendant that it had been alleged in the complaint that, on March 10, 2017, in the city of Pontiac, defendant engaged in an unarmed robbery of Davis, which is a felony punishable by 15 years' imprisonment. The district court also explained that defendant had been charged with the misdemeanor, domestic violence, second offense, which carried a one year jail term, and that the prosecution enhanced it to a second offense because of a prior domestic violence conviction in 2005. The district court advised defendant that a plea of not guilty was entered on his behalf, to which defendant replied, "[t]hank you." Therefore, defendant was not denied his right to an arraignment in the first case.

Defendant was also not denied his right to an arraignment in the second case. On May 16, 2017, the district court held a hearing, at which it was explained to defendant that the first case was being dismissed because the prosecution had rewritten the charges for both unarmed robbery and domestic violence, second offense, and that defendant was being arraigned on the newly filed charges under a new case. The district court listed both charges and told defendant

that unarmed robbery is a felony punishable by 15 years' imprisonment. The district court also entered a plea of not guilty for defendant. Therefore, defendant's argument is without merit.

Finally, defendant argues that both prosecutors in the lower court cases were vindictive in choosing to recharge defendant. We disagree.

Defendant did not argue in the lower court that either prosecutor was vindictive; therefore, this issue is not preserved for appellate review. See *Solloway*, 316 Mich App at 197. A challenge on the basis of prosecutorial vindictiveness is a due process issue. *People v Laws*, 218 Mich App 447, 452; 554 NW2d 586 (1996). This Court reviews de novo whether a defendant was denied his right to due process. *People v Smith*, 319 Mich App 1, 5; 900 NW2d 108 (2017). However, because defendant failed to preserve this issue, this Court's review is for plain error. See *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017).

Defendant's primary contention is that the prosecutor in the second and third cases was vindictive when he rewrote the charges of unarmed robbery and domestic violence, second offense, after they were dismissed on August 23, 2017, because of an ineffective "swear-to" hearing. Defendant's argument is without merit. "The prosecution violates a defendant's right to due process by punishing him or her for asserting protected statutory or constitutional rights." *People v Perry*, 317 Mich App 589, 595; 895 NW2d 216 (2016). "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort[.]" *People v Ryan*, 451 Mich 30, 36; 545 NW2d 612 (1996) (citation and quotation marks omitted). "Such punishment is referred to as prosecutorial vindictiveness." *Id*. "Actual vindictiveness requires objective evidence of hostility or a threat that suggests that the defendant was deliberately penalized for exercising his or her rights." *Perry*, 317 Mich App at 595.

There is no evidence on the record of hostility or a threat to suggest that the prosecutor deliberately penalized defendant for exercising his rights. At the August 23, 2017 motion to quash hearing, defense counsel argued that Detective McLaughlin's testimony at the May 15, 2017 "swear-to" hearing was insufficient to justify authorization of the warrant in regard to the charge of armed robbery. Following defendant's argument, the prosecutor stated the following:

> . . . [I]f the defendant is requesting dismissal of this case, it will be rewritten this afternoon, Defendant will still be in custody, he'll be held pending arraignment at the 50th District Court, there will be a PCC sometime next week or the week after; at that PCC date, we'll have an examination date sometime the week after that, then the exam will be held. I anticipate the same testimony, it'll be bound over as charged, and sometime in the next two to three months, we'll be up for trial again. The Defendant's in custody, he'll stay in custody throughout the pendency of those proceedings, or we can go to trial next week.

The circuit court explained that, if the motion to quash was granted, "the case will be dismissed, the People will have the opportunity to have another swear-to, which may be more detailed and elaborate than the current swear-to, which may or may not change the charge, because it could be, for example, home invasion first degree or something else that could be sworn to and/or bound over." Defense counsel stated that defendant was aware of the consequences of a dismissal. The circuit court granted the motion to quash and entered an order dismissing the

second case without prejudice. The prosecution rewrote the charges and added one count of home invasion. The warrant was sworn to, and the district court authorized another warrant and complaint for unarmed robbery and domestic violence, second offense, on August 24, 2017. There is nothing on the record to indicate the prosecutor deliberately penalized defendant for challenging the sufficiency of the "swear-to" testimony. Rather, the prosecutor and the circuit court explained to defendant the way in which the case would likely proceed if the charges were dismissed and rewritten. Moreover, defendant was not prejudiced because he was acquitted of the home invasion charge.

Defendant also briefly argues that the prosecutor in the first case "abused his discretion" by unreasonably failing to inform defendant of his intent to recharge defendant with unarmed robbery after the charge was dismissed in the first case. The unarmed robbery charge was dismissed without prejudice, and the prosecution was entitled to refile the charge. There is also no indication that the prosecution acted inappropriately. Moreover, the second case was dismissed and this issue is, therefore, moot. In conclusion, there is no indication that the prosecutors engaged in vindictiveness.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Michael F. Gadola