PEOPLE v GOEDDEKE

Docket No. 109283. Submitted October 18, 1988, at Lansing. Decided December 16, 1988. Leave to appeal applied for.

George Aloysius Goeddeke was charged in the 48th District Court with operating a motor vehicle while under the influence of liquor in violation of an ordinance of the City of Orchard Lake Village. At the pretrial conference, defendant refused to agree to a guilty plea. The city attorney subsequently decided not to prosecute the defendant and the charge was dismissed. However, the Oakland County Prosecuting Attorney filed a two-count complaint charging defendant under state law with OUIL and with operating a motor vehicle while impaired, second offense. The district court dismissed the second count, finding prosecutorial vindictiveness solely from the addition of the second count. The Oakland Circuit Court, James S. Thorburn, J., affirmed on appeal. The people sought and were denied leave to appeal before the Court of Appeals. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 430 Mich 889 (1988).

The Court of Appeals *held:*

The mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are vindictive and violative of the defendant's right to due process of law. In such a case, as here, the defendant must affirmatively prove actual vindictiveness to establish denial of due process.

Reversed and remanded.

CRIMINAL LAW — DUE PROCESS — CHARGING FUNCTION — REFUSAL TO PLEAD GUILTY.

The mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a

REFERENCES

Am Jur 2d, Prosecuting Attorneys § 28.

Limitations on state prosecuting attorney's discretion to initiate prosecution by indictment or information. 44 ALR4th 401.

presumption that subsequent changes in the charging decision are vindictive and violative of the defendant's right to due process of law; in such a case, the defendant must affirmatively prove actual vindictiveness to establish denial of due process.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Daniel J. Garber, Jr.,* Assistant Prosecuting Attorney, for the people.

*O'Neill, Shannon & Mills* (by *John F. Mills*), for defendant.

Before: MICHAEL J. KELLY, P.J., and MACKENZIE and S. B. MILLER,* JJ.

PER CURIAM. The people appeal from a circuit court order affirming a district court dismissal of the second count of a two-count complaint. The district judge found that the addition of the second count gave rise to a presumption of prosecutorial vindictiveness, and dismissed the charge as violating due process of law. We find no actual or presumed prosecutorial vindictiveness, and reverse.

In February of 1985, defendant was arrested in the City of Orchard Lake Village and charged with operating a motor vehicle while under the influence of liquor (OUIL) in violation of a city ordinance. Defendant's case was originally prosecuted by the Orchard Lake City Attorney. Although defendant had been previously convicted for operating a motor vehicle while impaired (OWI), the city attorney did not originally charge him with OWI or OWI-second offense. At the pretrial conference, defendant refused to plead guilty to OUIL and the city attorney refused to add a lesser charge, so

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the case was set for trial. Four days before the trial date, the city attorney filed a nolle prosequi dismissing the complaint against defendant. On that same day the Oakland County Prosecutor filed a two-count state complaint against defendant, charging him with OUIL, MCL 257.625; MSA 9.2325, and a second count of OWI-second offense, MCL 257.625b; MSA 9.2325(2).

Defendant moved to dismiss this new complaint on the grounds that recharging him with the additional count of OWI-second constituted prosecutorial vindictiveness in response to defendant's demand for a jury trial, and therefore violated due process of law. After a hearing, the district judge dismissed this count, holding that enhancing the charges against defendant after he refused to plead guilty, without giving him notice that the charges would be enhanced, gave rise to a presumption of prosecutorial vindictiveness. The people appealed this dismissal to the circuit court, which affirmed the district court's findings.

The people argue that the lower courts erred by presuming prosecutorial vindictiveness in violation of due process of law due to the addition of the OWI-second charge after defendant refused to plead guilty. We agree.

To punish a person for exercising a protected statutory or constitutional right violates due process of law. However, it is well established that the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is not sufficient to warrant presuming that subsequent changes in the charging decision are vindictive and therefore violative of due process. *United States v Goodwin,* 457 US 368, 383; 102 S Ct 2485; 73 L Ed 2d 74 (1982); *Bordenkircher v Hayes,* 434 US 357; 98 S Ct 663; 54 L Ed 2d 604 (1978); *People v Watts,* 149 Mich App 502, 508-511; 386 NW2d

565 (1986), lv den 425 Mich 885 (1986). Dismissal of a lesser charge and rearrest on a newly filed greater charge due to a defendant's failure to plead guilty to the lesser charge does not, by itself, constitute prosecutorial vindictiveness and denial of due process of law. *Watts, supra,* p 511. In such cases, a defendant must affirmatively prove actual vindictiveness in order to establish denial of due process. *Id.*

Nor can the instant case be distinguished due to defendant's failure to receive notice that the charges against him could be enhanced if he failed to plead guilty. In *Bordenkircher* and *Watts, supra,* the prosecutors threatened to enhance charges if the defendants did not plead guilty, and then did so when the defendants chose to proceed to trial. However, such threats are not a requirement for finding an absence of prosecutorial vindictiveness; rather, these would seem to indicate a greater likelihood of vindictiveness as they are directly probative of the prosecutor's motives in enhancing the charges. See *Goodwin, supra,* p 382, n 15. We also note that no such prosecutorial threats or notice occurred in *Goodwin* where the United States Supreme Court reached the same conclusions as reached in *Bordenkircher* and *Watts.*

The facts in this case do not give rise to a presumption of prosecutorial vindictiveness, nor did defendant affirmatively prove actual vindictiveness. The circuit and district courts erred by presuming prosecutorial vindictiveness in this case.

Reversed and remanded for proceedings consistent with this opinion.