Per Curiam.
 

 Defendant was originally charged with carrying a concealed weapon, MCL 750.227, and possession of marijuana, MCL 333.7403(2)(d). The prosecution appeals by leave granted from the trial court’s order denying its motion to remand this matter to the district court in order to add charges of felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b. The prosecution also appeals the trial court’s order denying its motion to dismiss this matter. We reverse and remand.
 

 i
 

 STANDARD OF REVIEW
 

 The prosecution argues that the trial court abused its discretion when it denied the prosecution’s motion
 
 *4
 
 to remand this case to the district court for the addition of charges of felon in possession of a firearm and felony-firearm and the prosecution’s motion to dismiss. We agree. The trial court’s decision regarding a motion to remand to the district court is reviewed for an abuse of discretion.
 
 People v Reedy,
 
 151 Mich App 143, 147; 390 NW2d 215 (1986); see also MCL 767.76. “This Court reviews a trial court’s ruling regarding a motion to dismiss for an abuse of discretion.”
 
 People v Adams,
 
 232 Mich App 128, 132; 591 NW2d 44 (1998). “An abuse of discretion is found only if an unprejudiced person, considering the facts on which the trial court acted, would say that there was no excuse for the ruling made.”
 
 People v Aldrich,
 
 246 Mich App 101, 113; 631 NW2d 67 (2001).
 

 H
 

 APPLICABLE LAW
 

 A. PROSECUTION’S MOTION TO REMAND
 

 “MCL 767.76 .. . provides that the court may amend an information at any time before, during, or after trial.”
 
 People v Goecke,
 
 457 Mich 442, 459; 579 NW2d 868 (1998). The
 
 Goecke
 
 Court further noted that “[t]he rules of criminal procedure as adopted in 1989 implement then existing law to provide that the court may permit the prosecutor to amend the information unless to do so ‘would unfairly surprise or prejudice the defendant.’ ”
 
 Id.
 
 at 459-460, quoting MCR 6.112(G).
 
 [1]
 
 These rules were further clarified in
 
 People v Higuera,
 
 244 Mich App 429, 444; 625 NW2d 444
 
 *5
 
 (2001), which stated that “[a]n information may be amended at any time before, during, or after trial to cure any defect, imperfection, or omission in form or substance, including a variance between the information and the proofs, as long as the accused is not prejudiced by the amendment and the amendment does not charge a new crime.” If the amendment does charge a new crime, there may be a possible violation of the defendant’s right to receive a preliminary examination.
 
 People v Weathersby,
 
 204 Mich App 98, 104; 514 NW2d 493 (1994). In
 
 People v Price,
 
 126 Mich App 647, 653; 337 NW2d 614 (1983), abrogated in part on other grounds as stated in
 
 People v Fortson,
 
 202 Mich App 13, 15-16; 507 NW2d 763 (1993), this Court, quoting MCL 767.42(1), noted:
 

 “An information shall not be filed against any person for a felony until such person has had a preliminary examination therefor, as provided by law, before an examining magistrate, unless that person waives his statutory right to an examination.”
 

 B. PROSECUTION’S MOTION TO DISMISS
 

 The prosecution’s argument regarding its motion to dismiss is inherently framed in terms of the separation of powers doctrine. The separation of powers doctrine provides:
 

 The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution. [Const 1963, art 3, § 2.]
 

 
 *6
 
 See also
 
 People v Conat,
 
 238 Mich App 134, 146; 605 NW2d 49 (1999). This Court highlighted the Michigan Supreme Court’s discussion regarding the separation of powers doctrine, and noted the following:
 

 “The prosecutor is a constitutional officer whose duties are as provided by law. Const 1963, art 7, § 4. The conduct of a prosecution on behalf of the people by the prosecutor is an executive act.
 

 “We have held in the past that the prosecutor is the chief law enforcement officer of the county and has the right to exercise broad discretion in determining under which of two applicable statutes a prosecution will be instituted.
 

 “ ‘Acting as prosecutor, judge and jury’ is a common description of an unfair and unlawful operation. However innocently and mistakenly, this is what happened in this case. The trial judge assumed the right over objection of the prosecutor to determine under which of two applicable statutes a prosecution will be instituted. As already indicated such determination is an executive function and a part of the duties of the prosecutor.
 
 For the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers. Const 1963, art 3, § 2. It also violates our fundamental sense of fair play.” [People v Morrow,
 
 214 Mich App 158, 160; 542 NW2d 324 (1995), quoting
 
 Genesee Prosecutor v Genesee Circuit Judge,
 
 386 Mich 672, 683-684; 194 NW2d 693 (1972) (emphasis added and citations omitted in
 
 Morrow).]
 

 In
 
 People v Williams,
 
 244 Mich App 249, 253; 625 NW2d 132 (2001), this Court stated, “The authority to prosecute for violation of [offenses against the state] is vested solely and exclusively with the prosecuting attorney.” Further, “the trial court’s authority over the discharge of the prosecutor’s duties is limited to those activities or decisions by the prosecutor that
 
 *7
 
 are unconstitutional, illegal, or ultra vires.”
 
 Morrow, supra
 
 at 161. The
 
 Williams
 
 Court also stated that “the decision whether to dismiss a case or proceed to trial ultimately rests in the sole discretion of the prosecutor.”
 
 Williams, supra
 
 at 252, citing
 
 Morrow, supra
 
 at 165. Finally, unless there is some reason to conclude that the prosecution’s acts were unconstitutional, illegal, or ultra vires, the prosecution’s decision whether to proceed with a case is exempt from judicial review.
 
 Id.
 

 C. PROSECUTORIAL vindictiveness
 

 In the instant case, the trial court determined that the prosecution was attempting to punish defendant for asserting his constitutional right to trial through the addition of extra charges because he did not accept the prosecution’s plea offer. The Michigan Supreme Court defined prosecutorial vindictiveness, noting that “[i]t is a violation of due process to punish a person for asserting a protected statutory or constitutional right.”
 
 People v Ryan,
 
 451 Mich 30, 35; 545 NW2d 612 (1996). The Court also explained: “ ‘To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort . . . .’ ”
 
 Id.
 
 at 36, quoting
 
 Bordenkircher v Hayes,
 
 434 US 357, 363; 98 S Ct 663; 54 L Ed 2d 604 (1978). “There are two types of prosecutorial vindictiveness, presumed vindictiveness and actual vindictiveness.”
 
 Ryan, supra
 
 at 36. “Actual vindictiveness will be found only where objective evidence of an ‘expressed hostility or threat’ suggests that the defendant was deliberately penalized for his exercise of a procedural, statutory, or constitutional right.”
 
 Id.,
 
 quoting
 
 United States v Gallegos-Curiel,
 
 
 *8
 
 681 F2d 1164, 1168 (CA 9, 1982). The burden is on the defendant to demonstrate actual prejudice.
 
 Ryan, supra
 
 at 36.
 

 The
 
 Ryan
 
 Court stated that “[t]he mere threat of additional charges during plea negotiations does not amount to actual vindictiveness where bringing the additional charges is within the prosecutor’s charging discretion.”
 
 Id.
 
 at 36. Additionally, regarding presumptive vindictiveness, this Court held that “it is well established that the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is not sufficient to warrant
 
 presuming
 
 that subsequent changes in the charging decision are vindictive and therefore violative of due process.”
 
 People v Goeddeke,
 
 174 Mich App 534, 536; 436 NW2d 407 (1988) (emphasis added). The “[dismissal of a lesser charge and rearrest on a newly filed greater charge due to a defendant’s failure to plead guilty to the lesser charge does not, by itself, constitute prosecutorial vindictiveness and denial of due process of law.”
 
 Id.
 
 at 537. Accordingly, the defendant must affirmatively prove actual vindictiveness in order to establish that there was a denial of due process.
 
 Id.
 

 HI
 

 APPLICATION OF LAW
 

 In the instant case, defendant was originally charged with possession of marijuana and canying a concealed weapon. The prosecution sought to have this case remanded to the district court in order to include the additional charges of felony-firearm and felon in possession of a firearm. After the trial court
 
 *9
 
 denied the prosecution’s motion to remand, the prosecution sought dismissal of the matter without prejudice. The trial court’s decisions denying the prosecution’s motions were based on two principles: first, that the prosecution had a substantial amount of time before bringing its motion to remand in which it could have sought an amendment to the information and, second, that the court did not want to give the appearance that defendant was being punished for his decision to stand trial, finding that the prosecution’s motion was raised after defendant made the decision to proceed to trial.
 

 First, we conclude that defendant was not prejudiced by the addition of the charges for felony-firearm and felon in possession of a firearm. Although the formal motion to remand was not heard until November 19, 2001, the prosecution initially informed the trial court that it intended to “amend the information” at the October 22, 2001, hearing, before defendant’s refusal of the prosecution’s plea offer. Further, the trial date was set for December 4, 2001. Accordingly, defendant would have had sufficient preparation time for the additional charges, given the direct relationship of the additional charges to the original charge of carrying a concealed weapon. Further, defense counsel certainly had knowledge of this direct relation between the offenses because he indicated that he had questioned the prosecutor who had handled the proceedings in the district court regarding why defendant was not being charged with the offenses of felon in possession of a firearm and felony-firearm.
 

 Regarding the trial court’s ruling that there was an appearance of prosecutorial vindictiveness, we con-
 
 *10
 
 elude that there was no evidence of prosecutorial vindictiveness to support the trial court’s decision. First, defendant did not affirmatively demonstrate actual prejudice on the part of the prosecution. See
 
 Ryan, supra
 
 at 36. Second, the facts of this case do not rise to actual vindictiveness. The trial court determined that the prosecution attempted to amend the information only after defendant refused to accept the prosecution’s plea offer at the November 19, 2001, hearing. However, the prosecution first mentioned its intent to amend the information approximately one month earlier at the October 22, 2001, pretrial hearing. Finally, the fact that defendant refused to plead guilty and chose to have the prosecution prove its case is insufficient to warrant the presumption that the prosecution acted vindictively in violation of defendant’s due process rights. See
 
 Goeddeke, supra
 
 at 536. Therefore, we hold that the trial court abused its discretion in denying the prosecution’s motion to remand this case to the district court.
 
 [2]
 

 In regard to the prosecution’s motion to dismiss, it is within the prosecution’s discretion to proceed to trial or to dismiss a case. See
 
 Williams, supra
 
 at 252;
 
 Morrow, supra
 
 at 165. Unless the prosecution acts in a manner that is unconstitutional, illegal, or ultra vires, the prosecution’s decision to proceed to trial or dismiss the case is exempt from judicial review pursuant to the separation of powers doctrine. In the present case, there is no indication that the pros
 
 *11
 
 ecution acted in a manner that was unconstitutional, illegal, or ultra vires.
 
 Morrow, supra
 
 at 165. Accordingly, we hold that the trial court abused its discretion in denying the prosecution’s motion to dismiss this case without prejudice.
 

 Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.
 

 [1]
 

 We note that the quoted language is now found in MCR 6.112(H).
 

 [2]
 

 We note that if an amendment charges a new crime, there may be a possible violation of the defendant’s right to receive a preliminary examination.
 
 Weathersby, supra
 
 at 104;
 
 Price, supra
 
 at 653; MCL 767.42(1). Therefore, on remand, defendant may invoke his right to a preliminary examination regarding the additional charges.