# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TIMOTHY THERON FLYNN,

      Defendant-Appellant.

UNPUBLISHED
November 13, 2014

No. 316325
Macomb Circuit Court
LC No. 2012-002561-FC

Before: WHITBECK, P.J., and FITZGERALD and MURRAY, JJ.

PER CURIAM.

A jury convicted defendant of three counts of first-degree criminal sexual conduct, MCL 750.520b(1)(b)(i) (victim at least 13 but less than 16 and the defendant is a member of the victim's household), involving his girlfriend's teenage daughter. The trial court sentenced defendant to concurrent prison terms of 135 to 360 months for each conviction. Defendant appeals as of right. We affirm.

Defendant initially argues that he was the victim of prosecutorial vindictiveness because the prosecutor increased two original third-degree criminal sexual conduct charges[1] to first-degree criminal sexual conduct after defendant rejected a plea offer. Defendant contends that he was being punished for exercising his right to a jury trial. Because defendant has failed to affirmatively demonstrate vindictiveness by the prosecutor, we find no misconduct warranting reversal.

A claim of prosecutorial vindictiveness raises due process issues. *People v Laws*, 218 Mich App 447, 452; 554 NW2d 586 (1996). Due process issues are generally reviewed de novo. *People v Jackson*, 292 Mich App 583, 590; 808 NW2d 541 (2011). However, defendant failed to object to the amendment in the trial court, leaving this issue unpreserved. Unpreserved claims of prosecutorial misconduct are reviewed for plain error affecting substantial rights. *People v Parker*, 288 Mich App 500, 509; 795 NW2d 596 (2010).

---

[1] MCL 750.520d(1)(b) (force or coercion).

-1-

In *People v Ryan*, 451 Mich 30, 35; 545 NW2d 612 (1996), our Supreme Court noted that it is a violation of due process to punish a person for asserting a protected statutory or constitutional right. Such punishment constitutes prosecutorial vindictiveness. *Id*. "There are two types of prosecutorial vindictiveness, presumed vindictiveness and actual vindictiveness." *Id*. at 36. Actual vindictiveness is found only "where objective evidence of an 'expressed hostility or threat' suggests that the defendant was deliberately penalized for his exercise of a procedural, statutory, or constitutional right." *Id*. The burden is on the defendant to demonstrate actual vindictiveness. *Id*. In *Ryan*, the Court stated that "[t]he mere threat of additional charges during plea negotiations does not amount to actual vindictiveness where bringing the charges is within the prosecutor's charging discretion." *Id*.

In *People v Jones*, 252 Mich App 1, 8; 650 NW2d 717 (2002), this Court made the following observations regarding presumed vindictiveness:

> Additionally, regarding presumptive vindictiveness, this Court held that 'it is well established that the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is not sufficient to warrant *presuming* that subsequent changes in the charging decision are vindictive and therefore violative of due process.' *People v Goeddeke*, 174 Mich App 534, 536; 436 NW2d 407 (1988) (emphasis added). *The '[d]ismissal of a lesser charge and rearrest on a newly filed greater charge due to a defendant's failure to plead guilty to the lesser charge does not, by itself, constitute prosecutorial vindictiveness and denial of due process of law.' Id*. at 537, 436 NW2d 407. Accordingly, the defendant must affirmatively prove actual vindictiveness in order to establish there was a denial of due process. *Id*. [Emphasis added.]

Here, defendant argues that he was the victim of actual vindictiveness, but he has failed to establish support for this claim. Defendant has presented no objective evidence of an "expressed hostility or threat." Further, there is no evidence from which vindictiveness can be presumed. Defendant was originally charged with one count of first-degree criminal sexual conduct and two counts of third-degree criminal sexual conduct pursuant to MCL 750.720d(1)(b) (penetration using force or coercion). A month before trial, defendant was notified of the prosecutor's intent to amend the information if the case proceeded to trial. After defendant rejected the plea offer, the trial court granted the prosecution leave to amend the information to increase the charges. The evidence supported the amendment of counts 2 and 3 from third-degree criminal sexual conduct to first-degree criminal sexual conduct. Indeed, the amendments more accurately correlated to the facts in the case. There was no evidence of force or coercion, but it was undisputed that defendant and the complainant lived in the same household. The prosecution is given broad discretion in charging, *People v Conat*, 238 Mich App 134, 149; 605 NW2d 49 (1999), and has discretion to bring any charges supported by the evidence. *People v Yeoman*, 218 Mich App 406, 413-414; 554 NW2d 577 (1996). Thus, the decision to amend the charges was within the prosecutor's discretion. Further, defendant was not prejudiced by the amendment to the charges. Although the formal motion to amend was not made until the day of trial, defendant acknowledged that he was on notice a month earlier that an amendment of this fashion would be made if the case went to trial. Accordingly, defendant had sufficient time to prepare for the increased charges, particularly when the charges were related to the undisputed fact that defendant and the complainant resided in the same home.

Considering the circumstances, defendant has at most shown that the prosecution filed greater charges, which were factually warranted, due to defendant's failure to plead guilty to the lesser charges. This, alone, has repeatedly been held insufficient to constitute prosecutorial vindictiveness. *Ryan*, 451 Mich at 36; *People v Goeddeke*, 174 Mich App 534, 536; 436 NW2d 407 (1988). Defendant has failed to show that the prosecutor committed misconduct by amending the information once defendant rejected the plea offer.

Similarly, defendant has failed to establish that defense counsel was ineffective for failing to object to the amendment of the information. In this regard, defendant's argument consists of one stated premise: "Had defense trial counsel objected, the trial court would have been required to deny the motion to increase counts two and three." However, defendant's premise is faulty. Because the amended charges were warranted and supported by the evidence, and there was no evidence of prosecutorial vindictiveness, it is erroneous to assume that the prosecutor's motion to amend would have been denied if defendant's counsel had objected to the motion. Indeed, as previously discussed, such an objection to the amendment would have been futile. Failure to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Next, defendant argues that the jury's verdict is against the great weight of the evidence and that the trial court erred when it denied his motion for a new trial. This Court reviews a trial court's decision on a motion for a new trial for an abuse of discretion. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). When reviewing a motion for a new trial on the basis that the verdict is against the great weight of the evidence, the test is whether "the evidence preponderates heavily against the verdict so that it would be a miscarriage of justice to allow the verdict to stand." *People v Lemmon*, 456 Mich 625, 642-643; 576 NW2d 129 (1998). "Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). When considering a motion for new trial based on a great weight of the evidence argument, the trial court may not act as a "thirteenth juror." *Lemmon*, 456 Mich at 639-640. New trial motions based solely on the weight of the evidence regarding witness credibility are not favored and should be granted only with great caution in exceptional circumstances. *Id*. at 639 n 17. Indeed, a court should only grant a new trial on the basis of credibility where the testimony "contradicts indisputable physical facts or law," "is patently incredible or defies physical realities," "is material and is so inherently implausible that it could not be believed by a reasonable juror," or has been "seriously impeached." *Id*. at 643-644 (quotation marks and citations omitted).

At the time of trial, the jury heard testimony establishing the elements of each charged offense. The complainant testified that on at least three occasions defendant fondled her breasts and vagina and that he penetrated her vagina with his finger, tongue, and penis. At the time of these events the complainant was between the ages of 13 and 14 and she and defendant lived in the same household. MCL 750.520b(1)(b). The complainant's testimony was consistent regarding the details of the assaults, including the general time periods, locations, and her age at the time the assaults occurred. Given this evidence, and the axiom that a jury may convict solely on the uncorroborated testimony of a criminal sexual conduct victim, *Lemmon*, 456 Mich at 643

-3-

n 22, it cannot be said that the evidence at trial preponderated so heavily against the jury's verdict that it would be a miscarriage of just to allow the verdict to stand.

Defendant contends that the testimony of 14 witnesses seriously destroyed the complainant's credibility. A review of the record does not support this conclusion. None of the witnesses' testimony presented by defendant challenged the complainant's account of the actual sexual assaults. Instead, the witnesses testified regarding the complainant's reputation for honesty. In this regard, several of the witnesses testified that they had no opinion regarding the complainant's reputation for truthfulness. One witness testified that he did not actually know the complainant well and one witness candidly admitted that he disliked the complainant and was angry with her. In no uncertain terms, the complainant's mother labeled her daughter a liar. However, the jury could have discounted this testimony because of the mother's professed loyalty to defendant and her motivation to keep her family intact. Defendant has failed to persuasively demonstrate that the complainant's testimony was inherently implausible or so seriously impeached that it could not be believed. The trial court properly deferred to the jury's resolution of the complainant's credibility, *Lemmon*, 456 Mich at 646-647, and, accordingly, did not abuse its discretion in denying defendant's motion for a new trial.

Affirmed.

/s/ William C. Whitbeck
/s/ E. Thomas Fitzgerald
/s/ Christopher M. Murray