# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 11, 2015

Plaintiff-Appellee,

v

No. 320739
Wayne Circuit Court
LC No. 13-009956-FC

DARRELL ANTOIN WINTERS,

Defendant-Appellant.

Before: SAAD, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant Darrell Antoin Winters appeals by right his jury conviction of armed robbery. MCL 750.529. The jury acquitted Winters of possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and of being a felon in possession of a firearm, MCL 750.224f. The trial court sentenced Winters as a third habitual offender to serve 14 to 21 years in prison. Because we conclude there were no errors warranting a new trial, we affirm Winters' conviction. However, for the reasons more fully explained below, we remand for resentencing.

## I. SENTENCING

Winters first argues that the trial court erred when it scored his offense variables (OVs). Specifically, he maintains the trial court should not have scored 10 points under OV 1 and 10 points under OV 9. This Court reviews for clear error the trial court's findings underlying its decision to score offense variables. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A finding is clearly erroneous if this Court is "definitely and firmly convinced that [the sentencing court] made a mistake." *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014). However, this Court reviews de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . ." *Hardy*, 494 Mich at 438. This Court also reviews de novo the proper interpretation of the sentencing guidelines. *People v Gullett*, 277 Mich App 214, 217; 744 NW2d 200 (2007). When scoring the offense variables during sentencing, the trial court may consider all of the evidence in the record, and the trial court's determination of an offense variable must be supported by a preponderance of evidence. *Armstrong*, 305 Mich App at 245.

The trial court had to score points under OV 1 on the basis of Winters' aggravated use of a weapon. MCL 777.31(1). The trial court had to score fifteen points under OV 1 if "[a] firearm was pointed at or toward a victim . . . ." MCL 777.31(1)(c). Ten points had to be assessed if "[t]he victim was touched by any other type of weapon." MCL 777.31(1)(d). Five points shall be assessed if "[a] weapon was displayed or implied." MCL 777.31(1)(e). Likewise, five points shall be assessed "if an offender used an object to suggest the presence of a weapon." MCL 777.31(2)(c). However, a trial court may not assess five points if the conviction offense was for felonious assault or armed robbery. See MCL 777.31(2)(e). The trial court had to score zero points if "[n]o aggravated use of a weapon occurred." MCL 777.31(1)(f).

At sentencing, the trial court stated that it would score OV 1 consistent with the jury's decision to acquit Winters on the firearm charges. Accordingly, it refused to score fifteen points under OV 1, notwithstanding the evidence that Winters used a firearm. Instead, the trial court assessed 10 points for OV 1: "I do believe the People have shown by a preponderance of the evidence that the victim was touched by any other type of weapon, whether it be a pipe -- but they just weren't convinced beyond a reasonable doubt that it was a firearm."

On appeal, Winters argues that the trial court was not permitted to assess 5, 10, or 15 points for OV 1 because the jury rejected Renard Culp's testimony that the object used during the robbery was a firearm, there was no evidence of another "actual weapon," and the trial court was not permitted to assess five points for OV 1 under MCL 777.31(1)(d). Contrary to Winters' argument, this Court has held that an object that is not an "actual" weapon per se, but, instead, is an "instrument or device used for attack," may qualify as "any other type of weapon" and justify an assessment of 10 points for OV 1. See *People v Lange*, 251 Mich App 247, 255-257; 650 NW2d 691 (2002).

Nonetheless, we agree that the trial court erred when it scored OV 1. The trial court had an obligation to score the required offense variables and to score them correctly. *People v Bemer*, 286 Mich App 26, 32, 35; 777 NW2d 464 (2009). Moreover, because the burden of proof for findings at sentencing is a preponderance of the evidence, and the burden to convict is beyond a reasonable doubt, a trial court may make findings that are inconsistent with the jury's findings. See *People v Ratkov*, 201 Mich App 123, 126; 505 NW2d 886 (1993), remanded by 447 Mich 984 (1994). By deferring to the jury's decision to acquit, the trial court essentially abrogated its duty to make findings on the whole record and properly apply the sentencing guidelines to those facts, which it could not do. *Bemer*, 286 Mich App at 32, 35 (recognizing that trial courts have a duty to properly score every variable).

At trial, the evidence—if believed—showed that Winters used a firearm and touched a victim with it. Because the trial court must score each of the required variables and must score them properly, the trial court had to consider the evidence and make its own independent findings on the basis of the evidence; it could not abrogate its duty out of deference to the jury. *Bemer*, 286 Mich App 32, 35. The use of the phrase "any other type" indicates that the type of weapon that qualifies for an assessment of 10 points must be a weapon that is not previously enumerated in the statute. See MCL 777.31(1). As such, the trial court clearly erred when it found by a preponderance of evidence that Culp was touched "by any other type of weapon" because there was no evidence in the lower court record indicating that Winters touched Culp with anything other than a firearm. *Hardy*, 494 Mich at 438. Instead, to the extent that the trial

court believed Culp's testimony, it should have found that "[a] firearm was pointed at or toward a victim" and assessed 15 points for OV 1. To the extent that the trial court did not believe Culp's testimony, it should have scored OV 1 at zero.

Winters also argues that the trial court clearly erred when it found that Edward Alexander was a victim and assessed 10 points under OV 9. The evidence showed that Alexander was persuaded to leave the scene and did not even realize that Winters was robbing Culp. Nevertheless, the trial court found that Alexander was a victim because he was in danger of injury or death if Culp had not been able to get him to leave the area.

The trial court had to score ten points under OV 9 if "[t]here were 2 to 9 victims who were placed in danger of physical injury or death . . . ." MCL 777.39(1)(c). Zero points shall be assessed if "[t]here were fewer than 2 victims who were placed in danger of physical injury or death . . . ." MCL 777.39(1)(d). The trial court should "[c]ount each person who was placed in danger of physical injury or loss of life or property as a victim." MCL 777.39(2)(a). The term "victim" is plainly not limited to the defendant's intended victim, but includes individuals placed in danger during the commission of the offense. *People v Morson*, 471 Mich 248, 262; 685 NW2d 203 (2004). Likewise, "[a] person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice to count the person as a victim." *People v Gratsch*, 299 Mich App 604, 624; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013).

The trial court did not clearly err when it found that Alexander was in danger of physical injury or death at the time of the robbery. There was testimony that Winters intended to hurt Alexander if Culp were unable to get him to leave the office. According to Culp, Winters "started making little threats," including "[D]on't make me pull this scrap[1] out on [Alexander], too, like we got to get [Alexander] up out that office[;] like[,] I need them hundreds," before moving into the office area where Alexander was working. This was sufficient to support the trial court's finding. *Hardy*, 494 Mich at 438. There is nothing in the statutory scheme that requires that the victim be aware of his or her danger before the trial court may count him or her as a victim. *Gratsch*, 299 Mich App at 624.

The trial court properly assessed 10 points under OV 9.

Because the trial court erred when it scored OV 1 and the proper scoring of OV 1 might alter the applicable sentencing range, we conclude that resentencing is required. *Jackson*, 487 Mich at 793-794. Accordingly, we remand this case to the trial court for resentencing consistent with this opinion.

## II. SUFFICIENCY OF THE EVIDENCE

In a brief submitted on his own behalf, Winters argues that the prosecution presented insufficient evidence for a reasonable jury to find him guilty beyond a reasonable doubt of armed

---

[1] According to Culp, "scrap" is a term "on the streets" for the word "gun."

robbery. In reviewing a challenge to the sufficiency of the evidence, this Court reviews the record de novo to determine whether a reasonable jury could have found that the prosecution proved the essential elements of the crime beyond a reasonable doubt. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). This "standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

In order to prove the elements of armed robbery, the prosecution must demonstrate that:

(1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. [*People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007).]

On appeal, Winters argues that the prosecution presented insufficient evidence to establish that he was "armed" during the robbery. In support of his argument, he asserts that the jury must have disbelieved Culp's testimony that he had a gun because he was acquitted on the felony-firearm and felon in possession charges, and that "[t]he prosecution did not charge defendant under the statutory alternative[s] . . . ." Winters' argument is unavailing; a jury may render inconsistent verdicts:

Juries are not held to any rules of logic nor are they required to explain their decisions. The ability to convict or acquit another individual of a crime is a grave responsibility and an awesome power. An element of this power is the jury's capacity for leniency. Since we are unable to know just how the jury reached their conclusion, whether the result of compassion or compromise, it is unrealistic to believe that a jury would intend that an acquittal on one count and conviction on another would serve as the reason for defendant's release. These considerations change when a case is tried by a judge sitting without a jury. But we feel that the mercy-dispensing power of the jury may serve to release a defendant from some of the consequences of his act without absolving him of all responsibility. [*People v Vaughn*, 409 Mich 463, 466; 295 NW2d 354 (1980).]

Further, the jury's verdicts in this case were not necessarily inconsistent, as the jury may have concluded that the evidence demonstrated beyond a reasonable doubt that Winters possessed a dangerous weapon or represented that he had a weapon, but did not demonstrate beyond a reasonable doubt that defendant possessed a gun. See *id.* at 467. Therefore, the mere fact that the jury acquitted Winters of felony-firearm and felon in possession of a firearm does not demonstrate that the prosecution presented insufficient evidence at trial for a reasonable jury to find him guilty of armed robbery. *Meissner*, 294 Mich App at 452.

In addition, it is immaterial to the sufficiency of the evidence claim that the armed robbery charge in the felony information only alleged that Winters "possessed a gun, a dangerous weapon," during the offense and did not allege that he possessed another object that was utilized or presented in a manner that led Culp to believe that it was a dangerous weapon or that he represented that he had a weapon; the evidence presented at trial was sufficient for a reasonable jury to conclude beyond a reasonable doubt that Winters committed a larceny by using force and putting Culp in fear and did so while possessing a gun. *Chambers*, 277 Mich App at 7. Culp's testimony that Winters held a gun to his back, grabbed Culp's body, spun Culp around, demanded money, threatened him, and took money that was in Culp's pocket and in the office—and Culp's testimony that he was afraid that Winters would injure Alexander or him if he did not comply—demonstrated that Winters committed a larceny through the use of force and by putting Culp in fear. *Id*. A rational jury could conclude beyond a reasonable doubt that Winters possessed a gun when he committed the robbery based on Culp's testimony that he carried a .380 caliber semi-automatic firearm during the offense and that Winters referred to the weapon as a "scrap," which is a term used on the streets for a gun. *Id*.[2]

There was sufficient evidence to support Winters' conviction.

III. JURY INSTRUCTION

Finally, Winters argues that the trial court's instruction of the jury regarding the elements of armed robbery constituted a constructive amendment of the felony information that violated his right to have notice of the charges against him. At trial, Winters' lawyer stated on the record that he had no objection to the trial court's jury instructions. Therefore, Winters' lawyer waived review of this issue. *People v Kowalski*, 489 Mich 488, 503-505; 803 NW2d 200 (2011).

Even if it were not waived, the claim is without merit. The trial court instructed the jury, in relevant part, that it had to find beyond a reasonable doubt that Culp was present while Winters committed the underlying larceny and that he possessed a dangerous weapon or "possessed any other object used or fashioned in a manner to lead the person who was present to reasonably believe that it was a dangerous weapon[,] or represented orally or otherwise that he was in possession of a weapon."

"Grounded in a defendant's constitutional right of due process of law is the principle that [a]n accused shall not be called upon to defend himself against a charge of which he was not sufficiently apprised." *People v Higuera*, 244 Mich App 429, 442; 625 NW2d 444 (2001) (quotation marks and citations omitted). Likewise, an indictment or information must inform the defendant of the "nature of the offense stated in language which will fairly apprise the accused

---

[2] Even if the jury concluded that Culp erroneously believed that the object was a gun, Culp's testimony provided sufficient evidence for a rational jury to conclude beyond a reasonable doubt that Winters either possessed a dangerous weapon other than a gun, utilized or fashioned an object in a manner that led Culp to reasonably believe that he possessed a dangerous weapon, or represented orally that the object was a gun during the commission of the larceny, which would also fulfill the second element of armed robbery. *Chambers*, 277 Mich App at 7.

and the court of the offense charged." MCL 767.45(1)(a). Nevertheless, the trial court may amend the information before, during, or after the trial unless the amendment would unfairly mislead, surprise, or prejudice the defendant. MCL 767.76; *People v Jones*, 252 Mich App 1, 4-5; 650 NW2d 717 (2002). "A defendant is not prejudiced by an amendment to the information to cure a defect in the offense charged where the original information was sufficient to inform the defendant and the court of the nature of the charge." *People v Covington*, 132 Mich App 79, 86; 346 NW2d 903 (1984).

The description of the charge in the felony information provided notice of the elements of the charge by including a citation to MCL 750.529, which expressly indicates that a person may be guilty of a felony under that section if the person "possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon." Likewise, the district court order binding Winters over to the circuit court for trial on the armed robbery charge also cited MCL 750.529 as the statutory basis of his charge. Additionally, Winters was tried for the exact charges on which he was bound over to the circuit court following the preliminary examination, and the trial court's jury instructions did not add any charges that were not included in the amended felony information. Stated differently, the constructive amendment did not relate to a new or different act or offense, but only related to the manner in which Winters was "armed" during the robbery. Thus, at most, the trial court's instruction provided an alternative theory upon which Winters could be convicted of armed robbery. As such, the armed robbery charge in the information provided sufficient notice of the nature of the charge against Winters.

Further, Winters has not explained how the purported amendment prejudiced his defense strategy or otherwise affected the outcome of the proceeding. Winters' lawyer acknowledged at trial that the defense theory was that the robbery never occurred, and this defense strategy was evident during defense counsel's cross-examination of the prosecution's witnesses and his closing argument. Because this defense was applicable regardless of the means by which Winters was "armed" during the offense, there is no indication that he would have offered a different defense if the armed robbery charge had been framed differently in the felony information or if the trial court had not provided the jury instruction at issue. Furthermore, the trial court provided the same instruction regarding the elements of armed robbery at the beginning of the trial, which demonstrates that Winters had notice of the instruction and ample opportunity to adjust his defense accordingly. Accordingly, there is no indication that the trial court's jury instructions violated Winters' statutory and constitutional right to reasonable notice of the charges against him, *People v McGee*, 258 Mich App 683, 699; 672 NW2d 191 (2003), or that he was prejudiced or unfairly surprised by the change, *Jones*, 252 Mich App at 4-5.

There was no instructional error warranting a new trial.

## V. CONCLUSION

There were no errors warranting a new trial. However, the trial court clearly erred when it found that Winters possessed a dangerous weapon other than a firearm and erred when it scored OV 1 on the basis of that finding. Therefore, we vacate Winters' sentence and remand this case to the trial court for resentencing. On remand, the trial court shall reevaluate the evidence concerning Winters' use of a weapon and make the findings necessary to properly score OV 1. After scoring OV 1, the trial court shall resentence Winters.

Affirmed in part, vacated in part, and remanded for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro