# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

ROBERT MICHAEL CARLTON,

       Defendant-Appellee.

FOR PUBLICATION
November 24, 2015

No. 321630
Isabella Circuit Court
LC No. 13-011210-AR

Before: M. J. KELLY, P.J., and MURRAY and SHAPIRO, JJ.

SHAPIRO, J. (*concurring in part and dissenting in part*).

I agree with my colleagues that the district court erred by finding as a matter of law that defendant *was not* in a public place. However, I believe my colleague's similarly err by finding as a matter of law that defendant *was* in a public place. In my view, the question whether defendant was in a public place is one that must ultimately be determined by the finder of fact.

My conclusion is grounded in the statutory language. MCL 333.26427(b)(3) provides that medical marijuana protections do not permit a patient to:

(3) Smoke marihuana:

(A) on any form of *public transportation*; or

(B) in any *public place*. (emphasis added).

The nature of "public transportation" is that it is open to the public. It is, by definition, a "public place." Thus, there would be no reason to separately list "public transportation" unless the drafters and electors believed that it was possible for vehicles to be private places.

For this reason, I think the majority is too quick to ignore the common-sense privacy component of a personal vehicle. The majority looks only at whether the vehicle itself is in a place defined as public. But the statutory language leaves open the possibility that in some circumstances a private vehicle can constitute a "private place" even though it is located in an area to which the public has access. While this is not always the case, I do not think that the drafters and electors intended to wholly foreclose it as a matter of law.

Defendant has asserted a statutory defense to the crime. The factual validity of such defenses is a question for the jury, not for judges. Our role must be limited to determining whether defendant can establish a prima facie case for the defense, not whether it ultimately succeeds. In my view, defendant has presented prima facie evidence. Although the parking lot was available to the public, the record also shows that defendant was in his closed and private vehicle, that he was not on public property, that there were no other people in the relevant area of the parking lot, and that he was only observed by private security officers who were monitoring the parking lot from some distance by means of a closed circuit camera. Under these circumstances, I see no reason why we are better suited to deciding the issue than a jury.

Accordingly, although we are reinstating the charge, defendant should be permitted to introduce evidence that he is a lawful marijuana patient, and the trial court should instruct the jury to determine whether he was in a public or private place. If they find the latter, defendant should be acquitted.

Defendant also claims that the amendment of the charges against him constituted prosecutorial vindictiveness. I am less sanguine than the majority is with regard to whether the amendment of the information was intended to punish defendant for raising grounds for dismissal. The timing of the additional, and more serious, charge suggests that it was added to punish defendant for pursuing dismissal of the initial charges, which is a violation of due process. See *People v Ryan*, 451 Mich 30, 35-36; 545 NW2d 612 (1996) (stating that punishing a person for doing "what the law plainly allows him to do is a due process violation of the most basic sort"); *People v Jones*, 252 Mich App 1, 7; 650 NW2d 717 (2002) (accord). However, I must agree with the majority that, without a further record, we cannot properly review the issue.

Accordingly, I concur in their decision to vacate the lower court ruling without determining how it should thereafter rule.

/s/ Douglas B. Shapiro