# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

JASON WILSON,

       Defendant-Appellee.

UNPUBLISHED
December 18, 2018

No. 340376
Macomb Circuit Court
LC No. 2016-002684-FC

Before: GLEICHER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

The corpus delicti rule prohibits conviction for a crime that cannot be established with evidence other than an accused's confession. Independent confirmation that a crime actually occurred is required. Procedurally, this means that a jury may not consider a defendant's confession unless the prosecutor first establishes that a criminal wrong has been committed.

The prosecution charged that defendant Jason Wilson sexually penetrated or had sexual contact with his girlfriend's two-year-old daughter. Wilson moved to suppress his confession and to dismiss the charges, contending that no evidence aside from his confession established that a crime had been committed. The trial court ruled that the prosecution failed to produce the requisite evidence and dismissed the charges. We affirm.

I

Primarily, this case presents a procedural question arising from the circumstances surrounding the trial court's dismissal ruling rather than an issue of substantive law concerning the corpus delicti rule. Accordingly, we review the underlying facts and proceedings in considerable detail.

On June 11, 2016, LR brought her two-year-old daughter, KM, to a hospital for a sexual abuse examination. LR reported that two days earlier, KM had napped with Wilson on the master bed in a room that also contained KM's toddler bed. At 12:30 p.m., LR walked into the room and saw Wilson lying on his side facing away from the door, and KM on her back in front of him. Both were fully clothed. LR did not see Wilson touch KM. KM usually slept in her toddler bed, LR explained, but was able to get out of it on her own. When LR entered the room, Wilson "jumped up as if startled." LR asked Wilson what he was doing and "he just stared at her."

-1-

According to the Macomb County Sheriff's Office case report, "the next few times [LR] changed [KM's] diapers, [KM] complained of an 'owie' in her groin area." LR advised that KM "does not speak yet." LR admitted that she had never mistrusted Wilson "until that moment," and "ha[d] a feeling [that] Wilson was about to molest [KM] before she entered the" bedroom. The nurse who examined KM reported "no signs of trauma" to the child's vagina or rectum.

On June 16, a detective interviewed Wilson for a little more than an hour. Wilson was not under arrest and was not given *Miranda* warnings.[1] Eventually Wilson confessed to having put his finger inside KM's vagina on June 9 or the day before, and on two other occasions.

Wilson was charged with two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MCL 750.520b(2)(b) (victim under 13 years of age and defendant 17 years or age or older), and second-degree criminal sexual conduct, MCL 750.520c(1)(a); MCL 750.520c(2)(b) (victim under 13 years of age and defendant 17 years of age or older). Both Wilson and the prosecution waived a preliminary examination. See MCR 6.110(A) ("The defendant may waive the preliminary examination with the consent of the prosecuting attorney."). Soon after Wilson's circuit court arraignment, his counsel filed a "motion to dismiss or in the alternative quash [defendant's] statement." In an accompanying brief, counsel contended that the prosecution could not establish the corpus delicti of the charged crimes absent Wilson's confession, and that the confession had been coerced.

The prosecution responded by arguing that Wilson's statement to the detective was an admission, rather than a confession, and was therefore admissible despite the corpus delicti rule. Alternatively, the prosecution urged, the corpus delicti of the crime could be established "through K.M.'s declarations [and] [LR]'s statements." The prosecution presented no evidence relevant to the corpus delicti beyond that contained in the Macomb County Sheriff's case report and did not seek a preliminary examination.

Wilson's reply brief contested that his statement qualified as an admission and reiterated that no independent evidence established the corpus delicti of the crimes. Wilson also took issue with the admissibility of KM's "owie" expression, arguing that it was not an "assertion" and therefore could not be construed as a statement of anything.

The trial court reviewed the videotape of Wilson's interview and issued a detailed written opinion concluding that he was not in custody during the questioning. However, the court advised that it could not determine whether Wilson's statements were voluntary, and ordered an evidentiary hearing on that subject. The court rejected the prosecution's argument that Wilson's statement was merely an admission and not a confession and declared that its receipt in evidence would require "direct or circumstantial evidence" of the corpus delicti "independent of the confession." The court then observed:

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Defendant argues there is no such evidence, which in turn, means that his statements should not be admitted into evidence and the charges against him should be dismissed. In support of his position, he submitted various documents, such as a patient examination report, as well as a case report and supplemental case report, by the Sheriff's Department. However, he did not present any testimony from the makers of the documents. Further, neither side has submitted or pointed to any other testimony. Under these circumstances, the Court opines that a determination as to whether the defendant's confession should be admitted into evidence will be held in abeyance pending the Evidentiary Hearing regarding voluntariness.

The evidentiary hearing followed. The sole witness, a Macomb County Sheriff's detective, testified regarding the conditions surrounding the interview. Neither side produced any evidence relevant to the corpus delicti. During arguments immediately after the testimony, Wilson's counsel contended that the statement had been involuntary and again argued that the prosecution could not prove the corpus delicti without the statement. The following colloquy ensued:

> *The Court*: Any brief response, [Mr.] Gemellaro?
>
> *The Prosecuting Attorney*: Very brief, you Honor. We're not addressing corpus delicti today. That will be addressed at a future date.
>
> *The Court*: Well, my plan is to make a decision on the voluntariness and then make a decision on the corpus delicti. I'm not going to hold another hearing or seek additional briefs on that.
>
> *The Prosecuting Attorney*: Understood.
>
> *The Court*: Okay.
>
> *The Prosecuting Attorney*: Understood. I'm not offering any evidence or any additional argument on corpus delicti so we're here for voluntariness, your Honor. Nothing further. Thank you.

The court announced its ruling on voluntariness at the end of the hearing, finding no indicia of coercion. The judge closed her remarks by stating, "And I am going to take one more look at the corpus delicti and issue a decision in writing on that hopefully within the next two to three weeks." The prosecutor raised no objection to this procedure, and filed no additional motions or briefs.

One month later, the court released the promised opinion addressing whether the prosecution could establish the corpus delicti absent Wilson's confession. The court rehashed the procedural history of the case and its prior rulings, and found that the prosecution had not presented evidence of the corpus delicti independent of the confession:

Turning to the *corpus delicti* issue, the Court already ruled that defendant's statement that he inserted his finger tip into the "hole" of the victim's vagina and that he liked engaging in such conduct constituted a confession of guilt and that for the statement to be admitted into evidence, the prosecutor must present direct or circumstantial evidence independent of the confession. However, the Court is not convinced that there is such independent evidence. Therefore, defendant's alternative request to dismiss should be granted.

The prosecution filed a "motion for rehearing or reconsideration of defendant's motion to suppress statement," insisting that it was "impossible" for the court to have ruled on the corpus delicti issue because "no testimony has been taken to determine one way or another whether there were sufficient facts to establish the corpus delicti." Further, the prosecution contended, "the remedy for a failure to establish corpus delicti is suppression of the statement and not dismissal of the charges." The prosecution asked that the case be remanded for a preliminary examination, or that the court allow the case to proceed to trial to allow the prosecution an opportunity to establish the corpus delicti. Notably, the prosecution did not reference any evidence additional to that before the trial court when it made its ruling, and did not make an offer of proof. The court denied reconsideration, finding no palpable or legal error.

II

The prosecution raises a single issue on appeal, contending that the trial court erred by dismissing the case on corpus delicti grounds without holding an evidentiary hearing or remanding for a preliminary examination. The prosecution did not raise this argument in the trial court, and therefore failed to preserve it for appellate review. The prosecution had several opportunities to request a preliminary examination before doing so in its motion for reconsideration, but took advantage of none of them. Before the court ruled, the prosecution also had ample time to present evidence augmenting the reports before the court, to file an offer of proof, or to raise an objection to the court's proposed approach. No further evidence was forthcoming and no objection was made. "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009).

We review a trial court's denial of an evidentiary hearing for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008). A trial court's refusal to remand for a preliminary examination is reviewed under the same standard. See *People v Jones*, 252 Mich App 1, 4; 650 NW2d 717 (2002). An unpreserved issue is reviewed for plain (clear or obvious) error that affected a party's substantial rights. *People v Perry*, 317 Mich App 589, 600; 895 NW2d 216 (2016). A trial court abuses its discretion only when it "chooses an outcome falling outside [the] principled range of outcomes." *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008) (alteration in original).

Even were we to treat the prosecution's argument as preserved, we would find no abuse of discretion.[2] The prosecution never moved for a remand or an evidentiary hearing and neglected to make an offer of proof supporting the need for either. Nor has the prosecution brought any facts to this Court's attention other than those described above. Absent the presentation of any facts or allegations that would make an evidentiary hearing meaningful (or even some explanation of what *might* be revealed if the prosecution got its way), the trial court's decision to deny the prosecution's belated request to gather evidence was not an abuse of discretion.[3]

Although not referenced in the single question presented, the prosecution's brief asserts that the "proper procedure" would have been to permit the case to go to trial to permit the prosecution to establish the corpus delicti, and to then address the admissibility of Wilson's confession. The prosecution has cited no case law supporting this proposition; we find this argument illogical.

"[P]roof of the corpus delicti is required before the prosecution is allowed to introduce the inculpatory statements of an accused." *People v McMahan*, 451 Mich 543, 548; 548 NW2d 199 (1996). The rule prohibits the introduction of a defendant's confession "unless there is direct or circumstantial evidence independent of the confession establishing (1) the occurrence of the specific injury (for example, death in cases of homicide) and (2) some criminal agency as the source of the injury." jun*People v Konrad*, 449 Mich 263, 269-270; 536 NW2d 517 (1995). The prosecution must present a preponderance of direct or circumstantial evidence to establish corpus delicti. *People v Burns*, 250 Mich App 436, 438; 647 NW2d 515 (2002). In *McMahan*, 451 Mich at 449-450, the Supreme Court emphasized that "criminal agency is an essential component of the corpus delicti requirement."

The elements of first-degree criminal sexual conduct include sexual penetration. MCL 750.520b(1). Second-degree criminal sexual conduct requires proof of sexual contact. MCL 750.520c(1). To establish the corpus delicti of these crimes, the prosecution had to present some proof, independent of his confession, that Wilson penetrated KM's genital or anal opening, or that he touched KM's "intimate parts." An evidentiary preponderance must be shown, which means that proof of the corpus delicti is insufficient if it reveals an injury equally consistent with criminal and noncriminal acts. Given KM's young age and the negative findings on physical exam, KM's vague complaint of an "owie" in the general area of her groin does not suggest that any crime was committed, much less a sexual assault. The trial court correctly concluded that

---

[2] Under the plain error standard, an aggrieved party must demonstrate an "error that affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Without presenting some evidence of the corpus delicti in addition to that before the trial court, the prosecution cannot show that something different would have happened but for the alleged error.

[3] Without any additional evidence a remand for a preliminary examination would be particularly pointless, as a magistrate could not bind Wilson over for trial unless the prosecution first proved the corpus delicti absent his confession.

without additional evidence that KM's alleged "owie" was the result of some criminal agency, the prosecution was unable to establish the corpus delicti of the charged offenses. Accordingly, a trial would be pointless.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Jane M. Beckering